Pearson, J.
 

 Coparceners liad a right to partition at common law ; it was given to joint tenants, and tenants in common by statute. The remedy was in a court of common law by “ writ of partition Fitzh. Nat. Bre. 256 ; Co. Litt. 169, a. n. 2. The inconveniences attending the mode of suing and having the partition made, induced the court of equity to assume a concurrent j urisdietion, but this did not affect the common law remedy ;
 
 Holmes
 
 v.
 
 Holmes,
 
 2 Jones’ Eq. Rep. 334.
 

 If the proceeding is in equity and the defendant denies the relation and avers a title in severalty, so as to put the title in issue, the court will not undertake to decide it, but will direct it to be tried by an action of ejectment, the defendant admitting an actual ouster, &e., and the plaintiff, after getting a judgment in that action, is entitled to a decree for partition. But if the proceeding is in a court of common law, and the defendant pleads
 
 non tenent insinvuV
 
 {sole seisin in himself) which is the “general issue” in the action for partition, Com. Dig. Pleader, 3 F. 3, Boothe on Real Actions, 246, the issue joined upon that plea is tried like other issues, and if found in favor of the plaintiff, there is jfidgment that partition be made.
 

 The suggestion that when the defendant pleads “sole seisin,” the plaintiff cannot proceed in his action, and is put to the
 
 *24
 
 necessity of bringing another action, has nothing to sustain it. The court is just as competent to determine the question of title in an action for partition as it is in an action of ejectment, and it involves an absurdity to suppose that a defendant, by simply pleading the
 
 general isvue,
 
 can, without a trial, defeat the action and force the plaintiff to institute another action to be tried before the same court.
 

 It was insisted on the argument,, in support of this suggestion, that although at common law the “ general issue” in an action for partition was tried like other issues, yet the statute, Rev. Code, ch. 82, sec. 3, lias the effect of introducing this anomolous mode of proceeding. The statute provides that “ the Superior and County Courts and Courts of Equity, on petition of one or more persons claiming any real estate, &c.” The object and effect of the statute is to change the process, and in respect to a court of law, to substitute a
 
 petition
 
 in place of the
 
 writ
 
 of partition, it having been found that the difficulties attending “ the process” in partition, that is, summons, attachment and distress infinite, (there being usually many defendants,) were not obviated by 8 and 9 Will. 3 ch. 31 sec. 1. Allnatt on Partition, GO. There is nothing in the statute to countenance the idea that if the defendant, by way of answer, or pica, denies the relation, and alleges a sole seisin, the superior or count} courts, are not to proceed and try the issue arising thereon, in the same way as when the action was by writ. It is only when the petition is filed in a court of equity that the action of ejectment becomes necessary ; because in the course of that court, it will not decide the legal title to laud.
 
 Thomas v.
 
 Garvan, 4 Dev. Rep. 228, was a petition for partition filed in the Superior Court of law for the comity of Bladen. The defendant pleaded that she was not tenant in common with the petitioners, but was in the sole adverse possession of the land ; the issues joined were tried in that court, and, the verdict being for the defendant, the petition was dismissed. The ruling was affirmed by this Court, on the ground that the defendant had acquired the title in severalty. The case necessarily turned
 
 *25
 
 upon the question of title. There has been no instance of a disseisin^since the time of Charles 2nd, except a “ disseisin at election” for the sake of the remedy; for, accepting socage-service (which with ns is the payment of taxes) is not such a concurrence on the part of the lord as is necessary to consummate a disseisin; so the learning in Co. Lit. 67, a. has now no application. If one has title as tenant in common, lie is, in contemplation of law, in possession with his co-tenant in spite of any thing that lias been done or said, unless lie elects to consider himself “ actually ousted” for the sake of bringing ejectment. Something is said in
 
 Thomas
 
 v.
 
 Garvan,
 
 supra, about putting the plain tiffs to their action of ejectment; but the Court passed upon the title, and it being decided that the defendant owned the land in severalty, the petitioners could have no better ground to stand on in an action of ejectment, than in the proceeding under the petition ; and we presume the allusion made to the action grew out of an indistinct notion in regard to the
 
 course of
 
 a court of equity.
 

 Eev. Code, ch. 118, sec. 2. An)' widow having claim to dower may tile her petition in the County or Superior Court, Ac.” This statute, like that in regard to partition, substitutes a petition for the writ of .dower. If the title is put in issue the court must pass on it; e. g., suppose the seisin of the husband at the time of his death is denied in a petition for dower, the idea of an action of ejectment is out of the question, for the widow cannot maintain it until her dower is assigned. There is error.
 

 Pjeb CuRtam, Judgment reversed.