CLAUDIA L. SINGLETON ET AL. v. M. L. CHERRY ET AL.

(Filed 17 March, 1915.)

1. **Husband and Wife—Deeds and Conveyances—Presumptions—Gifts—Uses and Trusts.**

   The law presumes a gift by the conveyance of land made directly from the husband to his wife, or where he causes it to be conveyed to her, and no resulting trust arises by implication therefrom.

2. **Husband and Wife—Deed to Husband—Separate Property—Probate—Interpretation of Statutes.**

   Chapter 109, Laws of 1911, known as the Martin Act, providing that a married woman may contract and deal with reference to her real and personal property as if she were a *feme sole,* does not alter the effect of

Revisal, sec. 2107, requiring certain findings and conclusions by the probate officer to a conveyance of her lands directly to her husband, and her deed not probated accordingly, is void.

APPEAL by defendant from *Ferguson, J.,* at February Term, 1914, of BEAUFORT.

Civil action tried upon this issue:

1. Is the plaintiff the owner of a one-fourth interest in the land described in the complaint? Answer: "Yes."

From the judgment rendered, the defendant appealed.

*Ward & Grimes for plaintiff.*
*Small, MacLean, Bragaw & Rodman for defendant.*

BROWN, J.   This suit was instituted by the *feme* plaintiff against the defendants to recover an undivided one-fourth interest in the home place of Robert C. Cherry, who was the father of the defendants and of the former husband of the *feme* plaintiff.

The plaintiffs allege that the land belonged to Harriet C. Cherry or Cornelia H. Cherry, the wife of R. C. Cherry, and that upon her death it descended to her four sons as her heirs at law, and that the interest of Alonzo Cherry, one of her sons, passed by his will to Mrs. Singleton, the wife of Alonzo Cherry, now deceased.

Mrs. Cornelia Cherry died intestate in 1886, and her husband, Robert C. Cherry, died in 1911, leaving a will in which he devised the land to Macon, Claud, and Villa Cherry, the defendants in this action.   Alonzo Cherry, the other son, died without issue, 10 January, 1903, leaving a will in which he devised all of his property to the *feme* plaintiff, except such as he might inherit from his father's estate, "which will go to my half-brothers and sisters."   He had no half-brothers and sisters, the defendants being his full brothers, but he had one half-sister, a minor child by his father's second wife.   The land in question was sold under an execution on 1 July, 1878, issuing against Robert C. Cherry, and was purchased at that sale by George H. Brown, for the sum of $5.

On 10 April, 1879, Brown and wife executed a deed in fee to Cornelia Cherry.   On 19 April, 1886, she executed a deed to her said husband. This deed was witnessed by one Congleton and probated and recorded 4 September, 1893, after the grantor's death.   No privy examination was ever taken and none appears in the probate.

On 6 November, 1882, Cornelia Cherry executed a deed to her said husband for said land, which was probated and privy examination taken by a justice of peace 6 November, 1882.   The defendant has abandoned the position that Cornelia Cherry acquired no title through the Brown deed, and now claims under the two deeds above recited.

It is not necessary to consider the charge of the judge as to the presumption of delivery arising from registration after the death of the grantor, as we are of opinion that both deeds by Mrs. Cherry to her husband are void on their face for lack of proper probate. The deed of 1886 has no privy examination, and we find no sufficient evidence that Mrs. Cherry held the land in trust for her husband.

It is well settled that even where the husband conveys his property direct to the wife, or causes it to be conveyed to her, the law presumes that it is a gift, and no resulting trust arises.

The other deed of 6 November, 1882, from Cornelia Cherry to her husband, under which the defendants claim, has the ordinary privy examination in due form, but the provisions of the Revisal, sec. 2107, have not been complied with. This section requires certain findings and conclusions of the probate. officer to be made with reference to contracts between the wife and husband in relation to her separate property.

While the act of 1911, chapter 109, known as the Martin Act, provides that a married woman may contract and deal so as to affect her real and personal property as if she were a *feme sole,* it excepts contracts between herself and her husband. We are of opinion that in a conveyance of the landed estate of a wife by herself to her husband, the requirements of section 2107 must be observed.

In this case, so far as the evidence shows, the wife undertook to convey to the husband her entire landed estate. At least the evidence does not disclose that she had any other real property.

We do not think that the Martin Act intended, in such a transaction between the husband and wife, that the safeguards provided by the statute for the protection of married women should be set aside. It is a mistake to suppose that the case of *Rea v. Rea,* 156 N. C., 530, relied upon by the defendant, applies to the facts of this case, or is any authority that, in the conveyance of real property by the wife to the husband, the provisions of the statute, Revisal, 2107, are dispensed with. In the *Rea case* the wife owned some shares of stock in the cotton mills and indorsed them to her husband, intending them as a gift. The majority of the Court held that that particular transaction was a valid transfer of the stock, without complying with the said statute. *Vann v. Edwards,* 135 N. C., 662.

No error.