JACK WALLIN ET AL. v. JONAH RICE.

(Filed 15 December, 1915.)

**Deeds and Conveyances—Husband and Wife—Conveyance to Husband—Certificate—Statutes.**

It is necessary to the validity of a deed to lands, made by the wife to her husband, that the justice of the peace find and certify in his certificate of probate that, at the time of her privy examination, the contract or deed was not unreasonable or injurious to her; and, where the deed is void for noncompliance with the statute, her covenant of warranty materially affecting her estate is also ineffectual and cannot operate to estop her or those claiming under her.

CLARK, C. J., dissenting.

APPEAL by defendant from *Long, J.,* at September Term, 1915, of MADISON.

Civil action.

*Guy V. Roberts, E. Z. Ray and Martin, Rollins & Wright for the plaintiffs.*
*P. A. McElroy, C. B. Marshburn, Mark W. Brown for the defendant.*

BROWN, J. Plaintiffs are six of the heirs at law of Emily A. Rice, wife of defendant, who died without issue 8 April, 1915. On 3 May, 1913, she executed a deed in fee to defendant, describing the land in controversy, for the recited consideration of $1,000, containing full covenants of warranty. This deed was not executed in accordance with sec. 2107 of the Revisal, in that the justice of the peace did not find and certify in his certificate of probate that at the time of her privy examination the contract or deed was not unreasonable or injurious to her. The failure to observe the requirements of the statute makes the deed absolutely void. *Singleton v. Cherry,* 168 N. C., 404; *Butler v. Butler,* 169 N. C., 584.

The position that plaintiffs are estopped from claiming the land by the covenant of warranty in the deed is untenable. If the deed is void for noncompliance with the statute, the covenant of warranty is likewise void, as it is a contract between husband and wife materially affecting her estate.

27—170

Where the deed is void the mere fact that it contains a covenant of warranty will not make it operative by way of estoppel, for, to make a warranty binding, there must be some estate conveyed to which the warranty may be annexed. A deed void as being given in contravention of a statute works no estoppel. Thus, a married woman will not be estopped by a deed not executed in the mode provided by statute. *Green v. Branton,* 16 N. C., 504; *Smith v. Ingram,* 130 N. C., 106; *Scott v. Battle,* 85 N. C., 184.

As the contract is void, the defendant cannot recover damages from his wife's estate for its breach, and that is especially true in this case, as the jury have found that defendant paid no consideration for the land.

No error.

CLARK, C. J., dissenting: This is a case of peculiar hardship. The defendant and his wife lived together for sixteen years on the tract of land in controversy. She was an invalid much of the time, and he was barely able to make a living out of the land for himself and wife. Anticipating her death, she procured a magistrate to draw a deed from her for the land to her husband and duly executed the same, the justice taking her privy examination and telling her that it was all right. Since her death her brothers have brought this action to take the land away from her husband.

The jury found that there was no fraud on the part of the husband, and that the conveyance by the wife to the husband was not injurious to her nor unreasonable. Moreover, the deed contains full covenants of warranty and was executed 5 May, 1913, more than two years after the Martin act, ch. 109, Laws 1911, which gives to all wives full right to make contracts affecting their real or personal property. *Warren v. Dail, ante,* 406. It is true that act excepts *contracts* under Rev., 2107. *Butler v. Butler,* 169 N. C., 584. That presents the question whether sec. 2107 is constitutional if the Court extends it to *conveyances.*

The Constitution of 1868 made a complete change in the status of married women as to their property rights. It provided, Art. X, sec. 6, that "The real and personal property of any female in this State acquired before marriage, and all property, real and personal, to which she may, after marriage, become in any manner entitled, shall be and remain the sole and separate estate and property of such female": that it should not be liable for the debts of her husband (as formerly), and "may be devised and bequeathed, and, with the written assent of her husband, conveyed by her as if she were unmarried."

It will be seen by this reference to the organic law that absolute control of their property in every respect was guaranteed to all wives, save in the single particular that in the conveyances of her realty the written assent of her husband was required. The addition of the further

requirement that the privy examination of the wife must be taken to deeds, and that in conveyances to her husband there must be the approval of some justice of the peace, are in open violation of the constitutional provision which gave wives the right to convey with "the written assent of the husband."

There is no justification or authority for this addition to the Constitution by legislative enactment or judicial construction. In England neither of these requirements obtains. In only four other States of the American Union, besides this, is the requirement of the privy examination retained, and in those it is not, as here, in violation of a guarantee in the Constitution. It may be doubted if in any other State there is a requirement that a magistrate shall approve a contract between husband and wife.

The retention of these archaic requirements here is due to the survival of the common-law conception of the inferiority of married women. These statutes were passed before the Constitution of 1868, and were retained or brought forward since. They express the ideas of the time when wives were practically the chattels of their husbands. Down to 1868 the property of a woman, upon marriage, became the property of her husband, and her person became subject to chastisement at his will. *S. v. Rhodes,* 61 N. C., 453.

The requirement of a privy examination (Rev., 952), and of the approval of some justice of the peace (Rev., 2107), are based upon a conclusive presumption of law that the wife is an incompetent, without sound judgment of her own, and that the husband will impose upon her unless there is the supervision of some wise justice of the peace, who is usually selected by the husband. These requirements are a constant reminder to wives that they are, by the laws of this State, still deemed inferior beings, in spite of the guarantee in the Constitution that they shall have free control of their own property. These requirements are, besides, worthless, because if there is fraud and undue influence, to the knowledge of the grantee, the conveyance can always be set aside, just as would be the case if there was no such action of the justice of the peace required. The aggregate of these useless fees is a considerable tax upon conveyances, besides the inconvenience and annoyance.

It is not necessary, however, to go further into this matter, as it has already been fully discussed in the dissenting opinions in *Weathers v. Borders,* 124 N. C., 616; *Walton v. Bristol,* 125 N. C., 426-432; *Smith v. Ingram,* 132 N. C., 966; *Harvey v. Johnson,* 133 N. C., 361; in the concurring opinion in *Ball v. Paquin,* 140 N. C., 96; and in the dissenting opinion in *Butler v. Butler,* 169 N. C., 584, and other cases.

The discriminations against married women, which have been discussed in the above dissents, have now been removed by successive statutes (see concurring opinion in *Warren v. Dail, ante,* 406), except

only the above provisions as to privy examination and the approval of a justice, under sec. 2107, as to contracts with husbands. These, doubtless, will be repealed also in conformity to the Constitution.

The sole restraint in the Constitution upon alienation by the wife is that the husband must give his written assent to the wife's conveyance, though he can convey his property (except his "allotted" homestead) without her consent. His conveyance is valid without the wife's assent, subject to the contingent right of dower.

The requirement in the Constitution of the privy examination of the wife is confined to the conveyance by the husband of *his* "allotted" homestead, *Mayho v. Cotton,* 69 N. C., 289; *Dalrymple v. Cole, ante,* 102, and this is the only restraint upon alienation by him.