MRS. ANNIE McGLAMMERY FOSTER v. E. V. WILLIAMS AND
BRANSON BENTON.

(Filed 14 December, 1921.)

1. **Married Women—Deeds and Conveyances—Probate—Statutes—Certificate—Husband and Wife.**

In order for a married woman to make a valid conveyance of her separate real property to another than her husband, it is required by our statute that it must be with the written assent of her husband, and when the conveyance thereof is direct to her husband, it is further required that the probate officer certify that it is not unreasonable or injurious to her (C. S., 2515) ; and when this statutory requisite has been omitted, the deed of the married woman to her separate realty is void.

2. **Same—Remedial Statutes.**

It is not within the meaning or intent of C. S., 3351, purporting to cure defective execution of deeds of married women, free traders, that it should apply to deeds made directly to the husband, or annul the requirement that the probate officer certify that it was not unreasonable or injurious to her ; but this should only apply to such conveyances made to third persons in respect to the husband's assent, etc., coming within the provisions of the section referred to, when the grantor is a free trader ; whether section 3351 would be constitutional otherwise, *Quære?*

3. **Deeds and Conveyances—Married Women—Husband and Wife—Void Deeds—Purchaser Without Notice—Descent—Partition.**

Where, under a void deed from his wife of her separate realty, the husband has conveyed the lands to a third person, the purchaser cannot acquire any right under his deed as a purchaser without notice against the child or heir at law of the deceased wife, but only as against the life estate of his grantor as tenant by the curtesy in his wife's lands ; and the heirs at law of the wife, after the expiration of the husband's life estate, are entitled to actual division of the lands as tenants in common or a sale for division, as the case may be, in proceedings for partition.

4. **Same—Infants—Ratification—Consideration Restored.**

Where the infant is entitled to the separate realty of his mother by descent, which the father has attempted to convey to another under a void deed and received and still holds the full consideration, the principle that the infant is put to his election to restore the consideration, etc., has no application, and he may avoid the deed of his father within three years after coming of age.

APPEAL by defendant from *Shaw, J.,* at the June Term, 1921, of
WILKES.

Civil action, tried and determined on case agreed. From the facts and admissions properly presented, it appears that on 9 December, 1907, Mrs. Nancy C. McGlammery, then wife of L. M. McGlammery, owner of the land in controversy, and who had been properly constituted a free trader, pursuant to the statute, undertook to convey said land, by written

deed, to her husband.  Said deed was in due form to convey real estate, containing the usual covenants, and with acknowledgment and privy examination taken in ordinary form, but without certificate as required by C. S., 2515, Rev., 2109, to the effect that the conveyance was not "unreasonable or injurious to her."  That on 27 December, 1907, said Nancy C. McGlammery died leaving five children of the marriage, her heirs at law, and subsequently one of the children, Vernon McGlammery, died without issue.  That on 10 February, 1915, L. M. McGlammery and his second wife, Hettie, and the four surviving children, including Annie Lizzie McGlammery, since intermarried with one Foster, conveyed the land by deed, with full covenants to defendant E. V. Williams for the purchase price of $8,000, the consideration being paid to the father, L. M. McGlammery, except $1,000, evidenced by note to L. M. McGlammery, and as to payment of said note, there is now a dispute pending between the administrator of L. M. McGlammery and E. V. Williams. That on 31 August, 1918, said E. V. Williams, by written deed with full covenant, conveyed the property in dispute to defendant Branson Benton for $10,000, of which $3,000 was paid, and the balance secured by deed of trust on the property in favor of the vendor, E. V. Williams, and that at the time of the purchase of said land by said Benton, and the payment of the $3,000 thereon, the taking of the deed referred to vendee, Benton, was without notice or knowledge of any infirmity in the title by reason of the claims of plaintiff.  On the hearing it was further admitted that plaintiff Annie Lizzie McGlammery, now Foster, at the time of signing the deed to E. V. Williams, was living on the lands in the house with her father, L. M. McGlammery.  That the delivery of the deed was by said L. M. McGlammery, and the settlement was made with him, and that no part of the purchase money was paid her; that the day after the execution of the deed to Mr. Williams, said Annie L. McGlammery, then aged 19, was married to her present husband, C. M. Foster, and since that time has resided in West Virginia.  It further appeared that plaintiff, said Annie McGlammery, within three years after arriving at the age of 21, instituted the present suit, seeking a partition of the property in accord with her interest in the tract presented, to wit, one-fourth of all the lands contained in the deed of her mother, Nancy C. McGlammery, except 95 acres in which said mother owned only an undivided half interest, and as to the plaintiff, a one-eighth interest; and it is admitted by the parties that if plaintiff has any interest in the land it is one-fourth of all the lands embraced in the deed from her mother, except the 95-acre tract, and in this plaintiff has a one-eighth interest.  Upon these facts the court declared his conclusions of law as follows:  "That Annie Lizzie McGlammery Foster is the owner of a one-fourth interest in and to all the lands described in the

complaint, and the defendant Branson Benton is the owner of the other three-fourths, except Annie McGlammery Foster owns only a one-eighth interest in 95 acres of said land, which boundary is described as the fourth tract in the deed from Nancy C. McGlammery to L. M. McGlammery, and referred to as the Jesse McGlammery home place, and the said Branson Benton is the owner of the other seven-eighths interest therein. E. V. Williams having conveyed said land to Branson Benton before the commencement of this action, and the said Branson Benton having purchased said land without notice that Annie McGlammery Foster was under age at the time she executed the deed to E. V. Williams, and having paid $3,000 and still owes $7,000 of the purchase price, the court is of the opinion, and so holds, that the said lands cannot be actually partitioned by reason of the conveyance as aforesaid to Branson Benton. The defendant having agreed that Branson Benton is still due E. V. Williams $7,000 on the original purchase price of said land, the court is of the opinion, and so holds, that the plaintiff is entitled to recover of the defendants the present market value of her undivided interest in and to the lands described in the complaint, together with her pro rata of the annual rental value of said land from 26 August, 1917, to 30 May, 1921, with interest on said annual sum, less her pro rata part of the annual taxes on said land during said period, and that said sum should be paid to her out of the remainder of the purchase price due by Branson Benton to E. V. Williams. That the defendants are not liable for rents on the said lands up to 26 August, 1917, the date of the death of L. M. McGlammery, for that the said L. M. McGlammery was entitled to the possession of his wife's land during his life as tenant by the curtesy. The defendant Branson Benton having purchased the lands as described in the complaint for the price of $10,000, and having paid $3,000 of the purchase price before notice that plaintiff was a minor at the execution of the deed to E. V. Williams, the court is of the opinion, and so holds, that the defendant Branson Benton was to that extent an innocent purchaser for value and without notice of the plaintiff's right, and that the land cannot, therefore, be actually partitioned. As to the remaining $7,000 of the purchase price, the defendant Branson Benton is not an innocent purchaser for value and without notice of the plaintiff's rights." And thereupon adjudged that the plaintiff was the owner of the one-fourth and one-eighth interests respectively. That she was not entitled to actual partition by reason of the fact that defendant Branson Benton had bought the land and paid $3,000 thereon before action commenced, and before notice that plaintiff was a minor at the time of the execution of the deed. That plaintiff be awarded the present market value of her interest, together with her proportion of the rents

from the time of her father's death, less a proper deduction for taxes, etc. That the amount awarded her be declared a lien on the balance due for purchase money, etc.

*Hayes & Jones for plaintiff.*
*R. N. Hackett and Charles G. Gilreath for defendant Williams.*
*F. B. Hendren for defendant Benton.*

HOKE, J. Our decisions have very insistently and uniformly held that in order to a valid conveyance of a married woman's real estate there must be the written assent of her husband and her privy examination had pursuant to the law, appertaining to the question. 1 C. S., 997; *Stallings v. Walker,* 176 N. C., 321; *Warren v. Dail,* 170 N. C., 406; *Smith v. Bruton,* 137 N. C., 79; *Scott v. Battle,* 85 N. C., 185. And when the conveyance is from the wife directly to the husband it is essential that, in addition to her private examination in ordinary form, there shall appear the certificate of the officer taking the probate that the conveyance is not unreasonable or injurious to her, as required by C. S., 2515. *Butler v. Butler,* 169 N. C., 584; *Wallin v. Rice,* 170 N. C., 417; *Kearney v. Vann,* 154 N. C., 311. And in the interpretation of the regulations appertaining to the subject, it is further held that the requirements of the law are in nowise affected by the fact that the wife is, at the time of the conveyance, a properly constituted free trader. *Council v. Pridgen,* 153 N. C., 443. It is urged for the defendant that while these and other like decisions may express the rule ordinarily applicable, the same should not prevail in the present case by reason of a statute appearing in C. S., 3351, purporting to cure defective executions of deeds of married women free traders at the time and prior to 24 September, 1913. Our decisions on the subject being to the effect that an attempted conveyance by female covert without the private examination and certificate, as required, are absolutely void, there is doubt if same could be rendered valid by statutes subsequently passed, but if it be conceded that the defect comes only from a lack of proper probate, and same is subject to curative legislation as against heirs at law, etc., the grantor and others holding only as trustees. Under the principle applied and approved in the recent case of *Sluder v. Lumber Co.,* 181 N. C., 69, the question is not presented on the present record, as, in our opinion, the statute referred to affects, and is only intended to affect, the deeds of married women to third persons, and not those she has attempted to make directly to her husband. That statute provides that deeds by a married woman, free trader, from 24 September, 1913, "taken without privy examination and without written assent of the husband," shall be valid and effectual to convey her land, thus showing clearly that only

deeds of third persons were contemplated and provided for.    This being the law appertaining to the question, the alleged deed of Mrs. McGlammery to her husband is void for a lack of proper examination and certificate, and on her death the land descends to her children and heirs at law subject to an estate by the curtesy in her husband.   And he having died, and it appearing from the admitted facts that the present plaintiff was only 19 years of age at the time of the conveyance of the husband and children to defendant Williams, and the present action having been instituted within three years from her arrival at maturity, we are of opinion that on the facts presented the plaintiff is entitled to maintain the action in the assertion of her interest and ownership in all of the lands in possession and control of defendants contained in the alleged deed from Mrs. McGlammery to her husband, to wit, one-fourth thereof, except the 95-acre tract, in which she is entitled to one-eighth undivided interest.    *Hogan v. Utter,* 175 N. C., 332; *Chandler v. Jones,* 172 N. C., 574; *Baggett v. Jackson,* 160 N. C., 31; *Gaskins v. Allen,* 137 N. C., 430; *Weeks v. Wilkins,* 134 N. C., 522.

The question sometimes presented as to whether, in actions of this kind, based on avoidance of his deed, an infant is required to restore the consideration is not raised in this record, as it appears by admission of the parties that no part of the consideration was paid to the present claimant, but all of it was received by the father except $1,000, and that was evidenced by note to him.    And the authorities are to the effect, also, that the right of an infant to avoid his deed within three years after his becoming of age is not affected by reason of the adverse interest of one purchasing without notice, but the claimant is entitled to the land, or his interest in it that the facts may disclose.    *Jackson v. Beard,* 162 N. C., 105-110; *Searcy v. Hunter,* 81 Texas, 644; *Richardson v. Pate,* 93 Ind., 423; *Sims v. Smith,* 86 Ind., 577; 22 Cyc., 551.

Plaintiff, then, being a tenant in common to the extent of her established interest, is entitled to a division of the property as of right, either by sale or actual partition, as the facts may appear, and the portion of the decree by which this right has been denied her will be reversed. *Holmes v. Holmes,* 55 N. C., 334; *Purvis v. Wilson,* 50 N. C., 22; Freeman on Cotenancy, 424.    This will be certified that the cause may be proceeded with in accordance with this opinion.

Plaintiff's appeal reversed.

Defendant's appeal affirmed.