THE BANK OF MAXTON v. P. A. CANADAY ET AL.

(Filed 2 April, 1924.)

**Deeds and Conveyances—Corporations—Probate.**

> Where, upon its face, a conveyance purports to be made by the proper officers of a corporation as the act and deed of the corporation for its lands, and it and its certification for registration by the clerk of the court are regular and in proper form, the deed will not be held as an invalid corporate conveyance for the failure of the notary before whom the proper officers had acknowledged it to certify that such officers acted therein in behalf of the corporation. *Bailey v. Hassell,* 184 N. C., 451.

APPEAL by defendants from *Cranmer, J.,* at February Term, 1924, of ROBESON.

Controversy without action, submitted on an agreed statement of facts.

Plaintiff, being under contract to convey certain lands to defendants, executed and tendered warranty deed therefor. Defendants, being under written contract to buy, declined to accept the deed and refused to pay the purchase price, claiming that the title offered was defective. This suit is to determine the sufficiency of the title offered and to enforce the contract of purchase.

His Honor, being of opinion that the deed tendered was sufficient to convey a full and complete fee-simple title to the lands in question, gave judgment for the plaintiff, from which the defendants have excepted and appealed.

*McKinnon, Fuller & McKinnon* and *Mordecai & Salmon* for plaintiff.

*Marshall T. Spears* for defendants.

STACY, J. On the hearing, the title offered was properly made to depend upon the sufficiency of the following probate to a deed from a corporation, Harnett Lumber Company, to A. D. McKenzie, the said deed forming a link in plaintiff's chain of title:

NORTH CAROLINA—Robeson County.

I, J. S. Jones, a notary public in and for said county and State, do hereby certify that W. F. Williams, president, and W. J. Johnson, secretary and treasurer of the Harnett Lumber Company, personally appeared before me this date and acknowledged the due execution of the foregoing deed of conveyance. Let the same, with this certificate, be registered. Witness my hand and notarial seal, this 28 April, 1913.
  (Seal.)                                              J. S. JONES, N. P.
My commission expires 10 March, 1915.

The case states that the execution of said deed is in regular form; that it is signed in the name of the corporation by its president, attested by its secretary and treasurer, and the corporate seal duly affixed thereto; that the fiat of the clerk of the Superior Court, adjudging the probate to be correct and sufficient and ordering the instrument to registration, is in proper form, and that the deed was duly registered on 19 December, 1913.

We think the sufficiency of the probate in question must be upheld under what was said in *Bailey v. Hassell,* 184 N. C., 451, and *Withrell v. Murphy,* 154 N. C., p. 89. The judgment will be affirmed on authority of these cases.

While we uphold the sufficiency of the present probate, it may not be amiss to remark that the use of its kind, as a general practice, is not to be commended, for the very good reason that it borders near the line of defective probate and leads almost invariably to litigation, as witness the instant suit and the others above mentioned.

Affirmed.