K. C. GARNER ET ALS. v. MRS. HATTIE B. HORNER ET ALS.

(Filed 7 April, 1926.)

1. **Deeds and Conveyances—Husband and Wife—Statutes—Probate—Title —Adverse Possession.**

    A conveyance of her land by the wife to her husband directly or in trust for him, is void when not probated in accordance with the express provision of C. S., 2515, though in proper instances it may ripen title in him as color by sufficient adverse possession.

2. **Same—Trusts—Evidence—Pleadings—Instructions—Appeal and Error.**

    Where from the complaint in evidence it appears that a deed from the wife to her husband not probated in accordance with C. S., 2515, was given to divest the legal title to lands held in trust by her for her husband, it is reversible error for the trial judge to instruct the jury that the wife's deed being void, they should answer the issue as to the title for the plaintiffs, claiming as her heirs at law against the heirs at law of her husband, the defendants in the action.

CIVIL ACTION before *Dunn, J.,* at October Term, 1925, of CUMBERLAND.

Annie Jane Garner, a widow with some children, who are plaintiffs in this action, married J. T. Horner. Thereafter on 28 February, 1907, for a recited consideration of $400, Andrew J. Barrett conveyed to Annie Jane Horner (formerly Garner) the land in controversy. The deed was duly acknowledged and probated by the clerk of the court of Cumberland County and recorded in Book of Deeds L., No. 6, at page 117. On 30 November, 1912, Annie Jane Horner and J. T. Horner executed and delivered to G. W. Horner a deed for said land which was not registered until 19 March, 1915, in said county in Book of Deeds W., No. 8, at page 516. On 17 June, 1919, there was placed upon the records of said county in Book of Deeds No. 252, at page 253, a deed from G. W. Horner and wife to J. T. Horner for the land, said deed

being dated 26 February, 1913. Annie Jane Horner died intestate on 26 April, 1913. Therefore, the deed from Annie Jane Horner and J. T. Horner to G. W. Horner, and the deed from G. W. Horner and wife, to J. T. Horner, while purporting to have been executed during the lifetime of Annie Jane Horner, were not registered until after her death. After the death of Annie Jane Horner, J. T. Horner married Hattie B. Horner in 1914, and died intestate on 23 June, 1923, leaving him surviving his widow, Hattie B. Horner, and four minor children, to wit, Mable Horner, Winnifred Horner, Pauline Horner and Tom Horner, and two children by his first wife, (he, the said J. T. Horner, having been married three times). Thereupon the children of Annie Jane Horner (formerly Garner) brought this suit against the children of J. T. Horner by his first wife and the children of his third wife, Hattie B. Horner, and Hattie B. Horner, his surviving widow. The deed from Annie Jane Horner (formerly Garner) and J. T. Horner to G. W. Horner, above referred to, was not acknowledged in accordance with C. S., 2515, because the justice of the peace before whom the deed was acknowledged and who took the private examination of Annie Jane Horner, failed to state and set out in his certificate his finding of fact that the contract was not unreasonable or injurious.

The plaintiffs contend, therefore, that the deed from Annie Jane Horner and J. T. Horner to G. W. Horner is void, and therefore the title to said property remained in their mother, Annie Jane Horner, and as her heirs at law they are entitled to the same.

The defendants, upon the other hand, contend that Annie Jane Horner was never the true owner of said land but only held the same in trust for her husband, J. T. Horner.

The issues were as follows: (1) Are the plaintiffs the owners and entitled to the possession of the land described in the complaint? (2) What is the fair rental value of the land mentioned in the complaint?

The judge charged the jury as follows: "If you find the facts to be true as testified to by the several witnesses and as appears in the record, you will answer that first issue, yes."

From the judgment on the verdict the defendants appealed.

*Averett & Blackwell, H. F. Seawell for plaintiffs.*
*Downing & Downing, Nimocks & Nimocks for defendants.*

BROGDEN, J. Failure to comply with C. S., 2515, renders a deed void, although it is good as color of title. *Best v. Utley,* 189 N. C., 361; *Whitten v. Peace,* 188 N. C., 298.

This statute also applies to conveyances by the wife of her land, in trust to another, for her husband. *Best v. Utley,* 189 N. C., 361; *Davis v. Bass,* 188 N. C., 200.

For the purpose of showing that the deed from Annie Jane Horner and her husband, J. T. Horner, to G. W. Horner was intended as a conveyance in trust for her husband, and thus within the contemplation of the statute, plaintiffs offered in evidence paragraph 10 of the amended answer of defendants, as follows, to wit: "It is admitted that G. W. Horner was not a bona fide purchaser of said land from Annie J. Horner, and never paid anything therefor—that at the time of the execution of the conveyance by Annie J. Horner and husband, J. T. Horner, to G. W. Horner, the said Annie J. Horner was in declining health, and said conveyance was executed and delivered to said G. W. Horner at the request of the said Annie J. Horner in anticipation of her approaching death, which occurred soon thereafter, having been executed by her for the purpose of ultimately vesting title to said land in fee in her husband, J. T. Horner."

So that, nothing else appearing, the deed from Annie J. Horner and her husband to G. W. Horner being void by reason of failure to comply with the law, the plaintiffs as heirs at law of Annie J. Horner, would be entitled to the property by virtue of the fact that said deed did not divest the title.

But the plaintiffs go further and offer in evidence part of paragraph 11 of defendants' amended answer, as follows, to wit: "The successive conveyances *from A. J. Barrett to Annie J. Horner,* and from Annie J. Horner and husband to G. W. Horner, and from G. W. Horner and wife to J. T. Horner, as hereinbefore mentioned, were all executed and delivered for the purpose of ultimately vesting the title to said land in J. T. Horner in fee simple."

This evidence so offered by the plaintiff is a denial that Annie J. Horner held the title to the land under the deed from A. J. Barrett in her own right but merely as trustee for her husband, and that she received the title from Barrett as a trustee only, and "for the purpose of ultimately vesting the title to said land in J. T. Horner in fee simple."

Therefore, upon plaintiffs' own evidence, it was error for the trial judge to charge the jury: "If you find the facts to be true as testified to by the several witnesses and *as appear in the record,* you will answer that first issue, yes."

There are many other exceptions in the record, but we express no opinion as to them, for the reason that a new trial must be awarded for the error specified.

New trial.