L. H. CALDWELL v. A. C. BLOUNT ET AL.

(Filed 13 April, 1927.)

**1. Deeds and Conveyances—Husband and Wife—Wife's Deed to Husband —Statutes.**

The validity of a deed to lands made by the wife to her husband rests solely by statute, which is to remove the common-law irrebuttable presumption that such was for the husband's benefit, and in order to effectuate the intent of the statute, the conclusion by special probate of the officer must state that the conveyance to her husband of the wife's separate lands was not unreasonable, as well as injurious to her. C. S., 2515.

**2. Same—Interpretation of Statutes—Derogation of Common-Law Right.**

The statute permitting a conveyance of her separate lands by the wife to the husband must be strictly construed, being in derogation of her common-law right, as to whether its terms are substantially complied with. C. S., 2515.

**3. Same—Estates—Curtesy.**

Where the husband has had children by the wife of his first marriage, and he has received an invalid deed from her of her separate lands, after her death he has only an estate for life therein as tenant by the curtesy, and under foreclosure sale under a mortgage given by himself and his second wife, only such life estate may be conveyed to the purchaser. C. S., 2515.

STACY, C. J., dissenting.

APPEAL by defendants from *Midyette, J.,* at December Term, 1926, of
ROBESON. Modified and affirmed.

Action to foreclose deed of trust executed by A. C. Blount and his
wife, Julia Blount, to secure payment of their note to plaintiff.

The validity of a deed executed by Sabriana Blount conveying the
land described therein to her husband, A. C. Blount, is the only matter
in controversy between the parties to this action.

The court was of opinion that said deed is valid and that by virtue
thereof A. C. Blount was seized in fee of the land conveyed therein at
the time he and his second wife, Julia Blount, executed the deed of trust
by which they conveyed the said land to the trustee to secure the pay-
ment of their note to the plaintiff.

From the judgment upon the facts agreed defendants appealed to the
Supreme Court.

*Dickson McLean, H. E. Stacy and Carl W. Pridgen, Jr., for plaintiff.*
*W. Y. Floyd, Johnson & Johnson and John Blount McLeod for de-*
*fendants.*

CONNOR, J. On 20 December, 1911, Sabriana Blount, the first wife
of A. C. Blount, executed a deed sufficient in form to convey the land
described therein to her said husband in fee. This deed, together with
the certificate of the justice of the peace before whom its execution was
acknowledged, and by whom the private examination of Sabriana
Blount was taken, was thereafter duly recorded.

At the death of Sabriana Blount she left surviving her husband, A. C.
Blount and their four children. These children, as heirs at law of
Sabriana Blount, are defendants in this action. On 16 September,
1922, A. C. Blount and his second wife, Julia Blount, conveyed the land
described in the deed from Sabriana Blount to A. C. Blount to Dickson
McLean, trustee, to secure the payment of their note to the plaintiff.
This note is now due and unpaid. Plaintiff has brought this action for
the foreclosure of said deed of trust and for the sale of said land by a
commissioner to be appointed by the court for that purpose.

The question presented is whether the trustee in the deed of trust has
an estate in fee in the land conveyed to him, or only an estate therein
for the life of A. C. Blount. If the deed from Sabriana Blount to her
husband, A. C. Blount, is valid as a conveyance of the land described
therein, the trustee has an estate in fee in said land; if the deed is not
valid, he has only an estate for the life of A. C. Blount. It is conceded
that the deed is valid, if the certificate of the justice of the peace is in
compliance with C. S., 2515.

36—193

CALDWELL *v.* BLOUNT.

This certificate is as follows:

"State of North Carolina—Robeson County.

"I, N. C. Graham, a J. P., do hereby certify that Sabrina Blount and A. C. Blount, his wife, personally appeared before me this day and acknowledged the due execution of the annexed deed of conveyance, and the said Sabrina Blount, being by me privately examined, separate and apart from her said husband, touching her voluntary execution thereof, doth state that she signed the same freely and voluntarily, without fear or compulsion of her said husband, or any other person, and that she doth still voluntarily assent thereto.

"This is to certify that this deed is not ingerious to the said Sabrina Blount.

"Witness my hand and seal this 20th day of December, 1911.

"N. C. GRAHAM, .(Seal)
"Justice of the Peace."

Conceding that upon his private examination of Sabriana Blount the justice of the peace found, as stated in his certificate that the deed was not injurious to her, is the certificate defective for that he does not also state therein his conclusion that the deed was not unreasonable?

In order that the deed of a wife, conveying land to her husband, shall be valid, the statute requires that upon the examination of the wife, separate and apart from her husband, as required by law in the probate of deeds of *femes covert,* it shall appear to the satisfaction of such officer that the wife freely executed such deed and freely consented thereto at the time of her separate examination, and that the same is not unreasonable or injurious to her. The certificate of the officer shall state his conclusions, and shall be conclusive of the facts therein stated. But the same may be impeached for fraud as other judgments may be. C. S., 2515.

It has been uniformly held by this Court that the deed of a wife, conveying land described therein to her husband, is void, unless there is attached or annexed to said deed the certificate of the probate officer as required by statute. See *Crocker v. Vann,* 192 N. C., 422; *Garner v. Horner,* 191 N. C., 539; *Best v. Utley,* 189 N. C., 356; *Whitten v. Peace,* 188 N. C., 298; *Davis v. Bass,* 188 N. C., 200; *Smith v. Beaver,* 183 N. C., 497; *Foster v. Williams,* 182 N. C., 632; *Wallin v. Rice,* 170 N. C., 417; *Butler v. Butler,* 169 N. C., 584; *Singleton v. Cherry,* 168 N. C., 402; *Kearney v. Vann,* 154 N. C., 312; *Sims v. Ray,* 96 N. C., 87.

In *Kearney v. Vann,* 154 N. C., 311, *Allen, J.,* says: "The law presumes that contracts between husband and wife affecting her real estate are executed under the influence and coercion of the husband, and to

rebut this presumption and render the contract valid, an officer of the law must examine the contract, and be satisfied that she is doing what is reasonable and not hurtful to her, and so certify."

C. S., 2515, is an enabling statute; but for the statute the deed of a wife conveying land to her husband would be void. Such deed is valid only when the statute has been strictly complied with. The law is stated in 30 C. J., at page 757, sec. 379, as follows:

"Since a married woman's power to convey is wholly statutory, all the requirements of enabling statutes must be strictly complied with to render her deed valid, and her deed will be held invalid where there is a failure to comply with statutory requirements as to execution or acknowledgment. Where, however, there has been a substantial compliance with statutory requirements, her deed may be enforced, but there must be a substantial compliance with every requisite of the statute."

No deed from a wife to her husband, conveying her land to him, is valid, unless the officer who certifies that he privately examined the wife, as required by statute, shall also state in his certificate his conclusions that said deed is not unreasonable or injurious to her. The statute requires that both conclusions, to wit, that the deed is reasonable and not hurtful or injurious to the wife, shall be stated by the officer in his certificate attached or annexed to the deed. This Court has said that he must be satisfied that what she is doing is reasonable *and* not hurtful to her, and that he must so certify. *Kearney v. Vann, supra.* The certificate as to the ordinary, statutory privy examination is not sufficient. *Singleton v. Cherry, supra.* Each requisite of the statute must be substantially complied with. In the absence of such compliance the deed is void.

The certificate attached to the deed of Sabriana Blount to her husband, A. C. Blount, does not comply with every requisite of the statute. It is not stated therein that the justice of the peace found that her deed was not unreasonable. His conclusion that the deed was not injurious to her is not sufficient. The deed is, therefore, invalid; it does not divest Sabriana Blount of her estate in the land described therein, or convey said land to A. C. Blount. At the death of Sabriana Blount the land descended to her heirs at law, subject to the life estate of A. C. Blount, as tenant by the curtesy. The trustee in the deed of trust executed by A. C. Blount and his second wife has only an estate for the life of A. C. Blount in said land.

The judgment declaring that the deed of the commissioner appointed by the court to be made to the purchaser at the sale under the decree shall operate to convey to such purchaser the land in fee is modified in accordance with this opinion. The deed of the commissioner will con-

vey to such purchaser only the life estate of A. C. Blount in said land. The grantors in the deed of trust conveyed thereby only such estate as they owned in the land at the date of the execution of their deed. The judgment as modified is
Affirmed.

STACY, C. J., dissenting: The decision in this case is put upon the ground that the deed from Sabriana Blount to A. C. Blount, her husband, is void because the officer who took the private examination of the wife failed to state in his certificate of probate, as required by C. S., 2515, "that the same is not unreasonable or injurious to her." The officer did certify, however, "that this deed is not ingerious to the said Sabrina Blount," meaning, of course, that the same is not injurious to her. But it is said in the opinion of the Court: "The statute requires that both conclusions shall be stated in the certificate"; that is, the conclusions that the deed is not unreasonable and is not injurious to her are both required to be stated in the certificate. I respectfully dissent from this position and from the judgment to be rendered in this case, for two reasons: First, because the double requirement, as I understand it, is not so nominated in the statute; and, second, because, in my opinion, the certificate attached to the deed in question complies substantially with the requirements of the law. Dundas v. Hitchcock, 12 How. (U. S.), 256, 13 L. Ed., 978.

Apparently, in all the cases dealing with the subject, certainly in all those cited in the Court's opinion, where the probate is held to be defective, no effort whatever was made by the officer to comply with the requirements of the statute, while the doctrine of substantial compliance, in relation to cognate statutes, or those dealing with the forms of probate, is fully upheld in a number of decisions. Bank v. Canady, 187 N. C., 493; Bailey v. Hassell, 184 N. C., 451; Withrell v. Murphy, 154 N. C., p. 89.

No benefit would be derived from an extended discussion of the question presented by the appeal. I think the word "or," as used in the statute, means or, while the Court says it means and. That is all there is in the case. A multiplicity of words would not make the two positions any clearer. The statement in Kearney v. Vann, 154 N. C., 311, cited as authority for the court's position, is obiter. Even in cases of doubtful construction, the rule of law is, that the court should uphold an instrument, if, by reasonable construction, it can be done. "Ut res magis valeat quam pereat." A maxim meaning "That the thing may prevail, rather than be destroyed." Applied in R. R. v. Olive, 142 N. C., 257, and Foil v. Newsome, 138 N. C., 115.

In my opinion the judgment should be affirmed without modification.