GLADYS FISHER, MRS. EDNA F. CANNADY, AND MRS. EDNA F. CAN-
NADY, GENERAL GUARDIAN OF ANNA FISHER, A MINOR, AND ELLEN
FISHER, A MINOR, V. LOIS RUTH FISHER, AND VICTOR STOUT,
GUARDIAN AD LITEM FOR WILLIAM H. FISHER, JR., A MINOR, AND LOIS
RUTH FISHER, ADMINISTRATRIX OF THE ESTATE OF W. HOMER FISHER,
DECEASED, AND SYDNOR DEBUTTS, TRUSTEE.

(Filed 2 February, 1940.)

**1. Husband and Wife § 4b—**

A conveyance of land by a wife to her husband is void when the
acknowledgment fails to comply with C. S., 2515, and the acknowledgment
is fatally defective if the probating officer fails to certify that, at the
time of its execution and the wife's privy examination, the deed is not
unreasonable and injurious to her.

**2. Same—**

A deed by husband and wife conveying lands held by them by entireties
to a trustee for the use and benefit of the husband is a conveyance of
land by a wife to her husband within the meaning of C. S., 2515.

**3. Same—Defective acknowledgment of deed conveying wife's interest in
land to her husband held not cured by prior deed of separation prop-
erly executed.**

Husband and wife executed deed to land held by them by entireties to
a trustee for the use and benefit of the husband, which deed was not
acknowledged as required by C. S., 2515. They also executed deed of
separation, properly acknowledged in conformity with the statute, which
deed of separation bore a date five days prior to that of the deed to the
trustee and was acknowledged one day before the deed to the trustee was
acknowledged. The deed of separation did not refer to lands held by
them by entirety, the only reference to real estate therein being that each
should hold the land then owned or thereafter acquired by them, re-
spectively, free from the claims of the other, and the deed of separation
contained no *indicia* that the deed to the trustee should be executed as a
part of the separation agreement. *Held:* The properly acknowledged
deed of separation does not cure the defective acknowledgment of the
subsequent deed to the trustee nor render the certificate of acknowledg-
ment of the deed to the trustee unnecessary, and the contention that the
clerk must have passed upon the deed to the trustee and included same
in his acknowledgment to the deed of separation is untenable.

**4. Same: Husband and Wife § 18a—**

The right of a wife to convey her real estate as a free trader without
consent of her husband attaches upon the registration of the deed of
separation, and a deed of separation cannot affect the wife's conveyance
of her land prior to the date the deed of separation is filed for registra-
tion, C. S., 2529. It would seem that C. S., 2529, applies to conveyances
by the wife to third persons and not to conveyances by her to her hus-
band, C. S., 2515.

**5. Husband and Wife § 4b—Improper acknowledgment in deed held not cured by wife's subsequent quitclaim deed to trustee or trustee's deed to husband.**

Husband and wife executed deed to lands held by them by entireties to a trustee for the benefit of the husband, which deed was not acknowledged as required by C. S., 2515. Thereafter they were divorced *a vinculo* and each married a second time. The wife and her second husband executed a quitclaim deed to the trustee reciting that the parties wished to cure any defect in the acknowledgment in the former deed to the trustee. Thereafter the trustee conveyed the property to the husband and his second wife by deed reciting that the purpose of the said trust could thereby be best effected. *Held:* Neither the recitals in the quitclaim deed nor those in the deed from the trustee to the husband affected the requirements of the statute or supplied the deficiency in the acknowledgment of the original deed to the trustee, and said deed is void, and the grantors therein continue to hold the land by entireties until the granting of the absolute divorce, when they become tenants in common, each owning a one-half undivided interest therein in fee simple.

**6. Quieting Title § 2—**

Upon demurrer to the complaint in an action to quiet title the court is required to ascertain only if the complaint is sufficient to allege a cause of action under C. S., 1743, and when it appears from the facts alleged that plaintiffs are some of the heirs at law of a person who died intestate seized of a one-half interest in the *locus in quo*, and assert title thereto, the demurrer of the defendants in possession of the land is properly overruled.

APPEAL by the defendant, Lois Ruth Fisher, from *Grady, J.,* at April Term, 1939, of GUILFORD.

Civil action instituted under C. S., 1743, to quiet title and to remove cloud upon title arising from adverse claim of defendant, Lois Ruth Fisher, that she is surviving tenant of an estate by the entirety in lands in controversy, heard upon demurrer to complaint filed by her individually, and as administratrix of W. Homer Fisher, deceased.

Plaintiffs allege substantially these facts:

1. Plaintiffs are all of the children of the marriage of W. Homer Fisher, now deceased, and his first wife, Cleo M. Fisher, who were divorced absolutely on 15 June, 1933.

2. W. Homer Fisher, who on 22 June, 1933, was lawfully married to defendant, Lois Ruth Fisher, to which union the defendant, W. Homer Fisher, Jr., aged five years is the only child, died intestate 14 July, 1938, survived by said child and by his said wife, who is the administratrix of his estate.

3. W. Homer Fisher and Cleo M. Fisher, his wife, were the owners as tenants by the entirety of three tracts of land situate in Guilford County, here in question.

4. On 16 December, 1931, W. Homer Fisher and his wife, Cleo M. Fisher, executed a deed of separation, which was acknowledged 23 December, 1931, before the clerk of the Superior Court in the manner provided by C. S., 2515. It is recited therein that: "Whereas the said parties have agreed among themselves as to the custody of the children and a settlement of all property rights and difference existing between them," but the lands in question are not mentioned specifically or by inference. The only references therein to any land are briefly stated as follows: Said party of the second part (the wife) is to hold all real estate and personal property which she may now own, or hereafter acquire, free from all rights of the husband, from curtesy or any rights arising from the marital relation; and the husband is to have and to hold any real or personal property which he may now own, or hereafter acquire, other than that hereby specifically mentioned, free from any claim on the part of his wife; and each agree that he or she will at all times execute and do all such assurances and things as the other of them, his or her heirs, executors, administrators or assigns, shall reasonably require for the purpose of giving full effect to these presents, and the covenants, claims and provisions herein contained. This agreement was filed for registration on 12 August, 1932, and registered.

5. On 21 December, 1931, W. Homer Fisher and wife, Cleo M. Fisher, executed an instrument purporting to be a deed of trust to Sydnor DeButts, Trustee, in which they undertook to convey to him the lands in question for the sole use and benefit of W. Homer Fisher, his heirs, executors or administrators, granting to the trustee "absolute discretion and power to sell, mortgage, exchange, convey or dispose of the said property, and reinvest the proceeds of the said sale in such other property as the said trustee may deem advisable, and shall pay the income from the said property, or from the property which may be exchanged for the said property, to the said W. Homer Fisher, or to whomsoever he designates." The instrument contained covenants of seizin, right to convey, freedom from encumbrances and general warranty, and was acknowledged before the clerk of Superior Court on 24 December, 1931, but the certificate of the clerk fails to comply with section 2515 of Consolidated Statutes of 1919. It was filed for registration 28 November, 1932, and registered. W. Homer Fisher did not thereafter execute a deed to said trustee conveying any interest in the land in question.

6. Sydnor DeButts, Trustee, has at no time taken possession of said lands, or attempted in any manner to execute the duties imposed upon him under said instrument; but, to the contrary, up to the time of his death, W. Homer Fisher continued to occupy, possess and enjoy the same in the same manner as he had previously done, and as if the said instrument had not been executed.

7. On 19 June, 1933, Cleo M. Fisher was lawfully married to Luther D. Hatchell; and on 30 June, 1936, they, as husband and wife, executed a deed to Sydnor DeButts "as trustee as hereinafter stated," by which they remised, released, and quitclaimed to him, his successors and assigns, all their right, title and interest in and to the lands in question. In this deed, after referring to the said instrument executed by W. Homer Fisher and wife, Cleo M. Fisher, to Sydnor DeButts as trustee, and identifying her as now the wife of Luther D. Hatchell, it is recited that: Whereas, the question has been raised as to the technical form and acknowledgment of said former deed; and whereas, the grantors herein claim no interest in said lands and desire to correct said former mistake, if such there be." The *habendum* clause in this deed is as follows: "To have and to hold, said lands and premises, together with all privileges and appurtenances thereunto belonging to him, the said party of the second part as trustee, upon the trusts and for the uses and purposes set out in said former deed to him, free and discharged from all right, title, claim or interests of the parties of the first part." This deed was properly acknowledged and duly registered 13 August, 1936.

8. On 19 May, 1938, Sydnor DeButts, Trustee, executed a deed to W. Homer Fisher and wife, Lois Ruth Fisher, in which, after referring to the separation agreement, to the deed of trust from W. Homer Fisher and wife, Cleo M. Fisher to Sydnor DeButts, Trustee, to the divorce of W. Homer Fisher and Cleo M. Fisher, and to the deed from Cleo M. Hatchell and husband to Sydnor DeButts, Trustee as hereinabove stated, and after reciting that "Whereas the said W. Homer Fisher has requested that the said trustee convey to said W. Homer Fisher and his wife, Lois Ruth Fisher, the legal title to said lands; and, whereas, the said trustee has removed from the State of North Carolina to the State of Florida; and whereas, in his opinion the purpose of said trust could be best carried out by such conveyance of the legal title to said property," he undertook to convey to them the land in question. This deed, after being duly acknowledged, was filed for registration 1 June, 1938, and registered.

9. Lois Ruth Fisher is now in the possession of said lands, claiming to own same in fee simple, as the surviving wife of W. Homer Fisher under the said deed from Sydnor DeButts, Trustee, to W. Homer Fisher and wife, Lois Ruth Fisher.

10. Plaintiffs, while not in possession of any part of the lands, assert title thereto and claim an interest in the same as heirs at law of W. Homer Fisher, deceased; and if the deed from the trustee to said Fisher and his wife, the defendant, Lois Ruth Fisher, does not convey the title in fee, as an estate by the entirety as claimed by said defendant, it is a cloud upon the title of plaintiffs.

11. It is not necessary that the lands be sold to create assets to pay debts of the estate.

Upon such allegations plaintiffs pray judgment *inter alia:*

(1) Removing the claim of Lois Ruth Fisher as a cloud upon the title of all the heirs of W. Homer Fisher, deceased; and (2) that the deeds from Sydnor DeButts to W. Homer Fisher, and his wife, Lois Ruth Fisher, be declared ineffective to create an estate by the entirety; and (3) for the appointment of a resident trustee in the place of Sydnor DeButts, Trustee, nonresident.

Defendant Lois Ruth Fisher (a) as administratrix demurs to the complaint for that it does not state a cause of action in that it affirmatively appears that it is not necessary to sell the lands to create assets to pay debts of the estate; and (b) individually, for that the complaint does not state any facts tending to show that the plaintiffs have title to, or any interest in the property in question, but that, on the contrary, the facts alleged show affirmatively that title thereto is vested in her.

The court entered judgment sustaining the demurrer filed by Lois Ruth Fisher, administratrix, but overruling that filed by her individually. Lois Ruth Fisher appeals therefrom to the Supreme Court and assigns error.

*Harry R. Stanley for plaintiff, appellee.*
*Moseley & Holl and Hoyle & Hoyle for defendant, appellant.*

WINBORNE, J.     Section 1743 of the Consolidated Statutes of 1919, under which plaintiffs are proceeding, provides that an action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claim. "The law  .  .  .  was designed and intended to afford a remedy wherever one owns or has an estate or interest in real property, whether he is in or out of possession, and another wrongfully sets up a claim to an estate or interest therein which purports to affect adversely the estate or interest of the true owner and which is reasonably calculated to burden and embarrass such owner in the full and proper enjoyment of his proprietary rights, including the right to dispose of the same at its fair market value." *Hoke, J.,* in *Satterwhite v. Gallagher,* 173 N. C., 525, 92 S. E., 369.

Applying this as the test, do the allegations of fact in the complaint, when admitted to be true for the purpose of passing upon the demurrer, state a cause of action in behalf of the plaintiffs and against the defendant, Lois Ruth Fisher? The correctness of the ruling of the court below upon the demurrer of defendant, Lois Ruth Fisher, which challenges the sufficiency of such allegations, is the only question properly determinable

on this appeal. We are of opinion and hold that the demurrer was properly overruled.

As the question now presented only involves a matter of pleading, we will consider only such of the allegations of fact, admitted for the purpose, as will determine the sufficiency of the complaint to state a cause of action.

It is sufficient to consider this question only: Is the deed from W. Homer Fisher and wife, Cleo M. Fisher, to Sydnor DeButts, Trustee, for the use and benefit of W. Homer Fisher, void because the certificate of the clerk before whom the deed was acknowledged fails to comply with the provisions of C. S., 2515?

This Court has uniformly held that the deed of a wife, conveying land to her husband, is void unless the probating officer in his certificate of probate certify that, at the time of its execution and her privy examination, the deed is not "unreasonable or injurious" to her. *Wallin v. Rice,* 170 N. C., 417, 87 S. E., 239; *Foster v. Williams,* 182 N. C., 632, 109 S. E., 834; *Davis v. Bass,* 188 N. C., 200, 124 S. E., 566; *Best v. Utley,* 189 N. C., 356, 127 S. E., 337; *Garner v. Horner,* 191 N. C., 539, 132 S. E., 290; *Caldwell v. Blount,* 193 N. C., 560, 137 S. E., 578; *Capps v. Massey,* 199 N. C., 196, 154 S. E., 52; *Bank v. McCullers,* 201 N. C., 440, 160 S. E., 494, and numerous other cases.

The principle applies to deed by husband and wife to a trustee for the use and benefit of the husband conveying lands held by them as tenants by the entirety. *Davis v. Bass, supra; Best v. Utley, supra; Garner v. Horner, supra.* While these general principles of law are not controverted, the defendant contends that the deed to the trustee is covered by the certificate to the deed of separation, which is in conformity with the statute. It is argued that from an examination of the deed of separation it is manifest that at the time of its execution Fisher and his wife had agreed upon a complete settlement of all their property rights; that the deed to the trustee was an essential part of the property settlement; and that, hence, it must have been passed upon by the clerk and included in his certificate to the deed of separation, thereby making a separate certificate under C. S., 2515, unnecessary for the deed to the trustee. In this connection, it is pertinent to note that the deed of separation appears to bear date five days previous to that of the deed to the trustee, and to have been acknowledged one day before the deed to the trustee was acknowledged. It is further noteworthy and significant that while in the premises in the deed of separation it is recited that "the parties have agreed among themselves as to . . . a settlement of all property rights," the agreement makes no reference to property held by them as tenants by the entirety, and is limited in so far as real estate is concerned, to that "which she may now own or hereafter acquire," and to "that which he may now own or hereafter acquire."

Careful examination fails to reveal any *indicia* in the deed of separation that the deed to the trustee should be executed as a part of the separation agreement, nor is there in the deed to the trustee any reference to the deed of separation. We must consider the instruments as they are written.

Further in this connection defendant inquires whether after the execution and certification of the deed of separation, a certificate under C. S., 2515, is required for a conveyance from the wife to the husband, or to a trustee for his benefit, and refers to C. S., 2529. That statute, if it be conceded that it is otherwise applicable to the instant case, provides, *inter alia,* that the wife, who is living separate from her husband under deed of separation, shall be deemed and held to be a free trader from the registration of such deed, and may convey her real estate without the assent of her husband. But in the case at hand the deed of separation was not filed for registration until 12 August, 1932, many months after the deed to the trustee was executed and acknowledged. Furthermore, while it is not necessary here to so hold, the wording of the statute indicates that it affects and is only intended to affect deeds of married women to third persons, and not those she has attempted to make to her husband. See *Foster v. Williams, supra.*

Nor do the recitals in either the quitclaim deed executed by Mrs. Hatchell and husband to Sydnor DeButts, Trustee, or in the deed from DeButts, Trustee, to W. Homer Fisher and wife, change the statutory requirement, or supply the deficiency.

Hence, we are of opinion and hold that the court below correctly ruled that the deed from Fisher and wife to the trustee is void, and conveyed nothing, that the tenancy by the entirety continued to exist between W. Homer Fisher and his wife, Cleo M. Fisher, and that, upon absolute divorce being granted, they became tenants in common, each owning an undivided one-half interest therein in fee simple. *McKinnon v. Caulk,* 167 N. C., 411, 83 S. E., 559. See, also, *Davis v. Bass, supra.*

The allegations are sufficient to indicate that W. Homer Fisher did not thereafter make any conveyance of this one-half undivided interest, that when he died intestate he was seized of it, and that plaintiffs, being some of his heirs at law, assert title thereto. Also the allegation of cloud upon the title of plaintiffs thereto is sufficient to meet legal requirements. Thus plaintiffs have stated a cause of action. Therefore, it is inopportune to extend the consideration to other points discussed in briefs filed on this appeal, as to which we express no opinion.

For the reasons herein stated, the judgment overruling the demurrer is

Affirmed.