CHARLES F. BEST AND MAUD D. ALLEN v. R. H. UTLEY.

(Filed 1 April, 1925.)

1. **Deeds and Conveyances—Probate—Judicial Acts—Statutes.**

    The act of the proper officer in taking the acknowledgment of a deed is a judicial or a *quasi*-judicial act.   C. S., 3293.

2. **Deeds and Conveyances—Probate—Husband and Wife—Constitutional Law—Statutes.**

    Under the provisions of our State Constitution, Art. X, sec. 6, a deed from a wife to another than her husband must be with the latter's written consent, with the certificate of the probate officer that she states to him, upon her private examination, separate and apart from her husband, that she signed the same freely and voluntarily, etc.   C. S., 997, 3324.

3. **Same—Defective Probate—Correction—Courts.**

    A deed made by the wife to the husband of her lands must not only comply with the requirements of our Constitution, Art. X, sec. 6, and C. S., 997, 3324, but must also rebut the presumption of his influence over her by reason of the marital relations, as required by C. S., 2515, by the probate officer stating his conclusions in his further certificate that she freely consents to the same at the time of her separate examination, and that he is satisfied that her deed so made was not unreasonable or injurious to her; and when the probate is defective in this respect it cannot, after its execution and delivery, be corrected by the court so as to render it valid, except at least upon due notice to the parties.

4. **Deeds and Conveyances—Probate—Husband and Wife—Impeaching Evidence.**

    By express terms, our statute relating to the certificate of the probate officer of a deed by a wife conveying her lands to her husband, "the certificate shall state the conclusions of the officer and shall be conclusive of the facts therein stated," to the effect, among other things, that the wife's deed was not "unreasonable or injurious to her"; and in the absence of fraud on the part of the husband in procuring the execution of the deed, such conclusion of the officer, so stated in his certificate, regular in form, may not thereafter be attacked by his evidence on the trial to set aside the deed.   C. S., 2515.

5. **Same—Deeds in Trust—Mortgages.**

    The requirements of C. S., 2515, as to the certificate of the probate officer to a deed from the wife to her husband, conveying her lands, applies to a deed in trust by the wife to secure an indebtedness by her to her husband.

6. **Deeds and Conveyances—Probate—Registration—Presumption.**

    Where a deed has been registered upon a probate regular in form, it is prima facie taken as correct; and upon an issue as to whether it was executed and delivered, the law raises a presumption from the probate and registration that it had been executed and delivered, which may be rebutted by sufficient evidence.

BEST *v.* UTLEY.

**7. Same—Fraud.**

The certificate of a probate officer of a deed by the wife to her husband of her lands as not complying with C. S., 2515, cannot be impeached, except upon allegation and proof of fraud in the taking of the acknowledgment, the making the private examination, or in arriving at the conclusion as stated in the certificate.

**8. Evidence—Declarations—Interest—Deeds and Conveyances—Husband and Wife.**

Where the heirs at law of the deceased wife seek to set aside her deed to her lands to her husband, her declarations affecting the validity of the deed are in her own interest, and not available to her heirs at law claiming under her title.

**9. Issues—Pleadings—Appeal and Error.**

Where the issues submitted in a controversy arise from the pleadings, and are comprehensive enough to enable the parties to present to the jury all material matters involved in the inquiry, they will not be held for error on appeal.

APPEAL by plaintiffs from judgment rendered by *Horton, J.,* at August Term, 1924, of FRANKLIN.

Plaintiffs are nephew and niece of Mrs. Bettie D. Utley, who died in Franklin County on 30 January, 1924, leaving a last will and testament, in which plaintiffs are the residuary legatees and devisees. Defendant was her second husband. At the date of her marriage to defendant she owned certain tracts of land situate in Franklin County, containing about 1,700 acres, devised to her in the last will and testament of her first husband, George Winston. After his marriage to the deceased, defendant moved from his home in Wake County to the home of his wife in Franklin County, where he and she lived together until her death. During these years defendant, at the request of his wife, managed and controlled her farms, accounting to her for the rents and profits arising therefrom.

The fifth paragraph of the complaint filed in this action is as follows:

"Plaintiffs are informed and believe, and therefore. allege, that the defendant, in every way in his power, from shortly after his marriage until the time of his wife's death, coaxed, begged, teased, persuaded and endeavored to intimidate said Mrs. Bettie D. Utley into conveying to him part of her real estate, and into devising to him the same, or to his children. In the prosecution of the said effort and purpose he succeeded in obtaining from his wife a deed, dated 20 July, 1920, recorded in Book 229, at p. 35, of the registry of Franklin County, for 173½ acres of her land that was then worth $6,000, or more, which deed the plaintiffs are informed and believe and allege was and is null and void for the lack of valuable consideration to support it, and because there

was a fraud upon his wife, as well as not executed in accordance with the form of law."

In his answer to said paragraph defendant denies each and every allegation thereof, except that his wife conveyed to him a tract of land containing 173½ acres, by deed, which he alleges was for a valuable consideration and was duly executed according to the form of law in every respect.

Plaintiffs further allege that defendant procured from his wife a deed of trust to A. S. Joyner, trustee, securing the payment of a note for $6,000, payable to defendant, said deed of trust bearing date 1 January, 1921. Plaintiffs allege that "said deed was fraudulent and is void for lack of proper consideration, and because of the presumed and known fraudulent influence of defendant over his wife, and because same was not executed in accordance with the forms of law." Defendant, in his answer, admits the execution by his wife of the deed of trust to A. S. Joyner, trustee, as alleged in the complaint, but denies that the said deed was fraudulent or that it is void because not executed in accordance with the forms of law.

The issues, with the answers thereto, as submitted to the jury, were as follows:

1. Was the deed from Mrs. Bettie D. Utley to R. H. Utley, recorded in Book 229, page 35, for 173 acres of land, called the Spruill tract, obtained by the said R. H. Utley from the said Mrs. Bettie D. Utley by fraud or undue influence, as alleged in the complaint? Answer: "No."

2. Was the deed of trust, securing R. H. Utley $6,000, made to A. S. Joyner, trustee, recorded in Book 224, page 487, obtained by the said R. H. Utley from the said Mrs. Bettie D. Utley by fraud or undue influence, as alleged in the complaint? Answer: "No."

From the judgment in accordance with this verdict plaintiffs appealed, assigning errors set out in the case on appeal.

*T. T. Hicks & Son, W. H. Yarborough, and Ben T. Holden for plaintiffs.*

*W. M. Person, W. H. & Thos. W. Ruffin, and R. N. Simms for defendant.*

CONNOR, J. Plaintiffs offered in evidence, for the purpose of attack, deed from Bettie D. Utley to her husband, R. H. Utley, defendant. This deed is dated 12 July, 1920. The consideration recited therein is "one thousand dollars and other valuable considerations to her paid by the said R. H. Utley." The deed is sufficient in form to convey the land described therein, containing 173½ acres, known as the Spruill land,

to R. H. Utley in fee simple, and contains the usual covenants and warranties. The execution of the deed was acknowledged by Bettie D. Utley and her husband, R. H. Utley, grantors, before G. R. Moye, a notary public, whose certificate, in due form, is annexed thereto and recorded. The certificate as to the private examination of Mrs. Bettie D. Utley, a married woman, is in full compliance with the statute, and concludes with these words, "and upon full examination I am satisfied and certify that the same is not unreasonable or injurious to her." The deed was recorded on 24 August, 1920, in Book 229, at page 35, registry of Franklin County.

Plaintiffs offered as a witness G. R. Moye, who testified that he was the notary public who took the acknowledgment by Mr. and Mrs. Utley of the execution of the deed by them. He further testified that the acknowledgment was taken at her home. Nothing unusual happened. She was very pleasant about it. Mr. Utley signed the deed and left the room. He then asked Mrs. Utley the usual questions, and made his certificate in accordance with her replies to these questions. Witness was then asked the following question by plaintiff: "Did you ask her any questions or make any investigation from any source to determine whether it was to her advantage or interest to convey the 173½ acres?"

Defendant objected. Objection sustained. Plaintiff excepted. If permitted by the court to answer the question, witness would have testified as follows: "I did not ask Mrs. Utley any questions or make any investigations from any source to determine whether it was to her advantage or interest to convey the land. I do not remember whether I read the certificate. She was very pleasant. I had no reason to believe other than that she signed it of her own free will and accord. I did not know or inquire the circumstances under which she gave Mr. Utley the 173½ acres. I knew he was looking after her estate for her. I lived next door to them. The certificate I signed contained the words, 'I do certify that the same is not unreasonable or injurious to her.' If she had shown any reluctance in signing the deed I would not have probated it. My mind is of the same opinion today as on that morning, that the deeding of the land to Mr. Utley was not unreasonable or injurious to her. The only investigation I made was if she signed of her own free will, without fear or compulsion of her husband or anybody. I also asked her if she had read over the paper and knew what she was signing, and she said she did. I did not know this particular piece of land, and did not know its value."

Plaintiffs also offered in evidence, for the purpose of attack, deed of trust from Bettie D. Utley to A. S. Joyner, trustee, securing payment of her note, payable to R. H. Utley, her husband, for $6,000. This deed

is dated 1 January, 1921. The deed contains a recital that Bettie D.
Utley is indebted to R. H. Utley in the sum of $6,000, as evidenced by
her bond of even date herewith for $6,000, due and payable 1 January,
1922, and that she desires to secure payment of said bond at maturity.
The deed is sufficient in form to convey the land described therein to
A. S. Joyner, trustee, for the purpose therein expressed. The lands are
described as "being the land formerly known as the George Winston
home place, less 173½ acres conveyed to R. H. Utley by deed recorded
in Book 229, page 35, leaving about 1,438 acres." There is a recital in
the deed that "it is given in renewal of balance due on note secured by
deed of trust recorded in Book 224, page 425, which latter deed of trust
is to be canceled." It contains the usual covenants and warranties.
The execution of the deed of trust was acknowledged by Bettie D. Utley
and her husband, R. H. Utley, grantors, before J. W. Daniel, notary
public, whose certificate, in due form, is annexed thereto and recorded.
The certificate as to the private examination of Mrs. Bettie D. Utley, a
married woman, is in full compliance with the statute, and concludes
with these words, "and after full examination into the facts of the trans-
action, I am satisfied the same is in no way unreasonable or injurious
to her interest." This deed was recorded on 9 February, 1921, Book
224, page 487, registry of Franklin County.

Plaintiffs offered as witness J. W. Daniel, who testified that he was
the notary public who took the acknowledgment by Mr. and Mrs. Utley
of their execution of the deed. The acknowledgment was taken either
at his office or at her home. Witness was asked the following question
by plaintiffs: "I ask you if at the time you took the examination you
investigated the trade that was then made?"

Defendant objected. Objection sustained. Plaintiffs excepted. If
permitted by the court to answer the question, witness would have testi-
fied that he did nothing but ask Mrs. Utley if she freely and voluntarily
assented thereto, and did not make any examination whatever into the
nature of the transaction, as to the consideration or its value.

By these exceptions and the assignments of error, based thereon,
plaintiffs present to this Court for review, upon their appeal, the exclu-
sion of evidence offered by plaintiffs tending to show that the facts
relative to the official acts of the notaries public were not as recited in
their certificates. They contend that these certificates may be im-
peached by the testimony of the officers who made them.

It is conceded that neither the deed from Mrs. Utley to her husband,
the defendant, nor the deed of trust securing the payment of her note,
payable to him, is valid, unless there was a compliance with C. S., 2515.
No contract between a husband and wife, made during coverture, shall

be valid to affect or change any part of the real estate of the wife unless such contract is in writing and is duly proved as is required for conveyance of land; "and upon the examination of the wife, separate and apart from her husband, as is now or may hereafter be required by law in the probate of deeds of femes covert, it shall appear to the satisfaction of such officer that the wife freely executed such contract, and freely consented thereto at the time of her separate examination, and that the same is not unreasonable or injurious to her. The certificate of the officer shall state his conclusions and shall be conclusive of the facts therein stated. But the same may be impeached for fraud as other judgments may be."

It is held in *Butler v. Butler,* 169 N. C., 584, and in cases therein cited, that deeds "are embraced in the term 'contracts' used in sec. 2107 of the Revisal (now C. S., 2515) and that therefore deed from wife to husband, purporting to convey to him her land is void, unless the provisions of C. S., 2515, are complied with. *Whitten v. Peace,* 188 N. C., 298; *Davis v. Bass,* 188 N. C., 200; *Smith v. Beaver,* 183 N. C., 497; *Foster v. Williams,* 182 N. C., 632; *Frisbee v. Cole,* 179 N. C., 469; *Kornegay v. Price,* 178 N. C., 441; *Shermer v. Dobbins,* 176 N. C., 547; *Wallin v. Rice,* 170 N. C., 417. This Court has held, uniformly and consistently that deed of a wife, conveying land to her husband, is void, unless executed and proven in accordance with provisions of C. S., 2515. The statute also applies to conveyance by wife of her land in trust to another for her husband and this is the law although the land is held by husband and wife as tenants by entirety. *Davis v. Bass,* 188 N. C., 200. A paper-writing, however, void for failure of compliance with C. S., 2515, is good as color of title, *Whitten v. Peace, supra.*

Under the provisions of C. S., 2515, in order that a contract between a husband and wife, made during coverture, affecting or changing any part of the real estate of the wife, shall be valid and effective, it is required not only that the contract must be in writing, but also (1) that it must be duly proved as is required for conveyance of land, and (2) that the officer making the private examination of the wife as required by C. S., 997, shall not only certify (as required by C. S., 3324) that she stated upon such examination that she signed the instrument freely and voluntarily, without fear or compulsion of her said husband or any other person, and doth still voluntarily assent thereto, but must also certify that it appeared to his satisfaction (1) "that the wife freely executed the contract and freely consented thereto at the time of her separate examination and (2) that the same is not unreasonable. or injurious to her." These facts should be stated in the certificate, as the officer's conclusions from his examination; when so stated, the certifi-

cate is conclusive as to these facts. The certificate may be impeached for fraud only, as other judgments may be.

In *Kearney v. Vann,* 154 N. C., 311, *Justice Allen,* discussing Revisal 2107 (now C. S., 2515). says: "The statute requiring the written consent of the husband when dealing with a stranger was to protect her against an improvident contract, and there was no such relationship between her and the stranger as raised a presumption of undue influence and fraud, while the statute regulating contracts between husband and wife was to protect the wife from the influence and control which the husband is presumed to have over her by reason of the marital relation. *Sims v. Ray,* 96 N. C., 89. The law presumes that contracts between husband and wife affecting her real estate are executed under the influence and coercion of the husband and to rebut this presumption and render the contract valid, an officer of the law must examine the contract and be satisfied that she is doing what is reasonable and not hurtful to her and so certify." The taking of acknowledgment of a deed by an officer authorized by statute to do so (C. S., 3293) is a judicial, or at least a *quasi-judicial* act. See cases cited.

Where the conveyance of the wife's land by her is made to a stranger, the deed must be executed by her with the assent in writing of her husband (Const. of N. C., Art. X, sec. 6) and there must be annexed thereto the certificate of an officer certifying that she stated to him upon her private examination, separate and apart from her husband that she signed the deed freely and voluntarily, as provided in C. S., 997 and 3324; but when the conveyance is made by the wife to the husband, because of the presumption arising from the relationship, the officer must himself be satisfied, not only that she freely executed the deed, but also that she freely consents to the same at the time of her separate examination. In addition to this, the officer must be satisfied that the deed is not unreasonable or injurious to her. These conclusions of the officer must be stated in his certificate, attached or annexed to the deed.

If the certificate of the officer, attached or annexed to the deed of a wife conveying her land to her husband, is defective, in that it fails to show full and substantial compliance with the requirements of C. S., 2515, it cannot be subsequently amended, so as to supply the defect and thus render the deed valid, at least after the death of the wife.

In his learned and exhaustive opinion in *Smith v. Beaver,* 183 N. C., 497, *Justice Walker* says: "Whatever may be the true rule in cases of this kind, concerning the power of the justice to alter his certificate, as to the probate and privy examination of a married woman, who was

a party to it, he cannot do so long after the probate was taken and the certificate had been made and filed, and the deed duly registered."

In *Butler v. Butler,* 169 N. C., 584, *Justice Allen* investigated the authorities, in this and other jurisdictions relative to this subject, and says: "There is much conflict of authority as to the power of a judicial officer to amend his certificate of probate after the instrument he is probating has passed from his hands, but it seems that the weight of authority is against the exercise of the power, and all agree that it is a power fraught with many dangers."

In both these cases, this Court held that the certificate could not be amended, to supply defects appearing in the face of the certificate, although the right to amend in these cases was denied because of facts peculiar to the instant case, and whether the power exists independent of these facts is left as an open question. In his concurring opinion in *Butler v. Butler, supra, Walker, J.,* says: "After careful and deliberate examination of the law, my conclusion is that the justice had no authority to change his certificate." All the decisions of this Court are to the effect that the officer cannot, of his own motion, alter or amend his certificate so as to supply a substantial defect, and thus render a deed which was invalid, valid and effective, without notice to the parties to the deed. Nor will the Court, in the exercise of equitable jurisdiction, require an amendment for that purpose, without notice to the parties and opportunity to be heard.

In the instant case, it is conceded that the certificate attached to both the deed and the deed of trust complies with the provisions of C. S., 2515. Plaintiffs offer to impeach the certificate, by showing that the facts are not as stated therein. This they are forbidden to do, by the express terms of the statute, for it is therein provided that "the certificate shall state the conclusions of the officer, and shall be conclusive of the facts therein stated."

"The general rule in the absence of any statute providing otherwise, is that where a grantor has appeared and made some kind of acknowledgment before an officer having jurisdiction, a certificate regular in form, is conclusive as to all those matters which the officer is required by law to certify, and in the absence of any showing of fraud or imposition in the procurement of the acknowledgment cannot be impeached by merely denying that the acknowledgment was taken in the manner certified by the officer." 1 C. J., 886 and cases cited.

There is no allegation or contention that there was fraud in the procurement of the acknowledgment by Mrs. Utley of the execution by her of either the deed or deed of trust. The certificates of the notaries public are not impeached for fraud, and are therefore conclusive as to

the facts therein stated. If there had been allegation of fraud with respect to the acknowledgment of her execution of the deed or deed of trust by Mrs. Utley, or of the private examination made by the officer in each instance, or of the conduct of the officers with respect to conclusions stated, the testimony of the officers would have been competent, just as the testimony of any other witness. The exclusion of the testimony, however, was not error, because, without allegation of fraud, the certificate is conclusive.

We therefore hold that a certificate of an officer, having jurisdiction to take the acknowledgment of the execution of an instrument in writing by a party thereto, and to make the private examination of a married woman who signed the same, as required by statute, and to make conclusions as to the existence of facts necessary for the validity of the instrument, cannot be altered or amended after the instrument has been delivered, or registered, if registration is required or permitted for any purpose, to supply a defect in said certificate, without notice to the parties to such instrument, nor can the certificate be impeached, except upon allegation and proof of fraud in the taking of the acknowledgment, the making the private examination, or in arriving at the conclusions as stated in his certificate. *Whisnant v. Price,* 175 N. C., 613. If there are allegations of fraud, the testimony of the officer, whose certificate is impeached upon these allegations is competent as evidence.

Where a deed has been registered upon a probate, prima facie correct, and the issue is whether the deed was executed and delivered, the law raises a presumption from the probate and registration that the deed was executed and delivered, but this presumption may be overcome by evidence sufficient to rebut the presumption. *Jones v. Coleman,* 188 N. C., 631; *Belk v. Belk,* 175 N. C., 69. In *Lumber Co. v. Leonard,* 145 N. C., 340, the attack upon the certificate of the officer was made by a party to the deed—the married woman—and it was held that her testimony was competent for that purpose. The fact of privy examination was in issue, and the testimony of the officer, supporting and sustaining his certificate was held to be competent as evidence, the feme defendant having been permitted to testify in opposition to the certificate. *Justice Brown,* in the opinion for the Court, says: "Much may be said in favor of the contention that if a private examination of the wife shall have been certified in the manner prescribed by law, by the purport of section 956 of the Revisal (C. S., 1001) it is not open to attack at all, except upon the ground that its execution was procured by fraud, duress, or other undue influence, to which the grantee must be shown to be a party." The public policy, upon which our registration laws are founded, favors an interpretation and construction of statutes

relative to probates and registration, which will encourage confidence in records affecting titles, rather than suspicion, doubt, or uncertainty.

The assignments of error relied upon by plaintiffs are not sustained.

Plaintiffs also excepted to the exclusion of the testimony of witnesses as to declarations made by Mrs. Utley as to the conduct of defendant toward her with respect to her property. These declarations were all in her own interest, and were not competent as evidence in behalf of plaintiffs who claim under her. The admission of these declarations would be a violation of the "hearsay" rule; they do not come within any of the exceptions to this rule, and they were properly excluded. The testimony of Mr. White as to statements and declarations made to him by Mrs. Utley, while he was conferring with her about the preparation of her will were competent, because against her interest and therefore within a well-recognized exception to the rule; *Roe v. Journegan,* 175 N. C., 261.

Assignments of error based upon other exceptions appearing in the statement of case on appeal have been carefully considered by us. They are not sustained. The issues submitted to the jury arose upon the pleadings and enabled the parties to this action to present to the jury all their contentions with respect to the matters in controversy.

In July, 1920, Mrs. Bettie D. Utley conveyed to defendant, her husband, the Spruill land, containing 173½ acres; her deed, probated by her next-door neighbor, was promptly recorded. In January, 1921, she executed a deed of trust to secure a note for money advanced by her husband to pay off an incumbrance on her lands, and specifically excepted the Spruill land, reciting that she had conveyed same to R. H. Utley by deed, recorded in Book 229 at page 35. On 10 January, 1910, she joined her husband in a deed conveying this identical land "in consideration of love and affection and ten dollars" to Hubert H. Utley, a son of R. H. Utley. In conference with her trusted friend and adviser, relative to her will, she referred to this deed, and made careful provision for the disposition of her lands in order that the note secured in the deed of trust should be paid out of the sale of undevised lands, in exoneration of lands devised to the plaintiffs and incumbered by the deed of trust. During her life she made no charge that her husband had defrauded her or that the officers of the law had been remiss in the performance of their duties. No such charge was made until after her death, and then by these plaintiffs, to whom both she and her first husband had devised valuable lands. The judgment is affirmed. We find

No error.