This is an action to recover damages for an assault and for slander.
It is alleged in the complaint that on 24 December, 1929, the defendant, H. C. Maeyer, manager of a store of the city of Raleigh owned and operated by the defendant, Eckerd's of the city of Raleigh, N.C. Incorporated, wrongfully and unlawfully assaulted the plaintiff, while plaintiff was lawfully in said store.
It is further alleged in the complaint that on said day and in said store, while engaged in the performance of his duties as manager of *Page 600 
said store, the defendant, H. C. Maeyer, in the presence of plaintiff and of others, wrongfully and falsely spoke of and concerning the plaintiff words by which the said defendant intended to charge and did charge that plaintiff was a rogue, a thief, and a shoplifter; and that said words were spoken by the said defendant with actual malice, and in a reckless and wanton manner.
These allegations are denied in the answer filed by the defendants.
The issues submitted to the jury were answered as follows:
"1. Did the defendant Maeyer assault the plaintiff as alleged in the complaint? Answer: No.
2. Did the defendant Maeyer wrongfully and falsely utter to and of the plaintiff in the hearing of others in substance the words set out in the complaint, as alleged therein? Answer: Yes.
3. If so, did said defendant thereby intend to charge the plaintiff with being a rogue, thief, or shoplifter, and was the same so understood by those hearing the same? Answer: Yes.
4. Did the defendant Maeyer wrongfully utter of and concerning the plaintiff in the hearing of A. H. Tilley in substance the words set out in the complaint, as alleged therein? Answer: Yes.
5. If so, did said defendant thereby intend to charge plaintiff with being a rogue, thief or shoplifter, and was such language so understood by the hearers? Answer: Yes.
6. What damages, if any, is plaintiff entitled to recover of the defendants? Answer: $1,500.
7. Were said statements by the defendant, Maeyer, of and concerning the plaintiff uttered with actual malice, or in a reckless and wanton manner as alleged in the complaint? Answer: Yes.
8. If so, what punitive damages, if any, is plaintiff entitled to recover of the defendants? Answer: $500.
After the issues had been answered by the jury as above, on motion of the defendants, the court set aside the answers to the 7th and 8th issues.
From the judgment that plaintiff recover of the defendants the sum of $1,500, and the costs of the action, the defendants appealed to the Supreme Court.
The assignment of error chiefly relied on by defendants on their appeal to this Court is based on their exception to the refusal of the trial court to allow their motion for judgment as of nonsuit. C. S., 567. This assignment of error cannot be sustained. *Page 601 
Whether the words which the evidence shows were spoken of and concerning the plaintiff by the defendant, H. C. Maeyer, are actionable as slanderous, was properly submitted to the jury. Castelloe v. Phelps, 198 N.C. 454,152 S.E. 163.
The principle on which the defendant Eckerd's of Raleigh, N.C. Incorporated, is liable for the damages sustained by plaintiff, resulting from slanderous words spoken of and concerning him by its manager, the defendant, H. C. Maeyer, is discussed and applied in Cotton v. FisheriesProducts Co., 177 N.C. 56, 97 S.E. 712. We find no error. The judgment is affirmed.
No error.