FAY BOYETT v. THE FIRST NATIONAL BANK OF DURHAM, TRUSTEE, THE HOME MORTGAGE COMPANY, THE METROPOLITAN CASUALTY OF NEW YORK, V. S. BRYANT, SUBSTITUTED TRUSTEE, THE FIDELITY BANK OF DURHAM, N. C., SUCCESSOR TRUSTEE, J. M. BOYETT, R. L. BROWN, G. HOBART MORTON, TRUSTEE, G. D. B. REYNOLDS AND LEE M. BOYETT.

(Filed 10 May, 1933.)

1. **Mortgages A c—**

Where the private examination of a married woman is not taken to a deed of trust executed by her it is void. C. S., 997.

2. **Mortgages B c—Purchase money borrowed by married woman held equitable lien on land although mortgage was void for improper acknowledgment.**

The plaintiff and her husband executed a note and signed a receipt in the amount thereof and used the proceeds of the note as a part of the purchase price of land, and executed a mortgage on the land to secure

its payment. Plaintiff and her husband also signed an estoppel certificate stating that it was to be exhibited to prospective purchasers of the note and certifying that there were no defenses available to the payees against the payment of the note. The mortgage, although registered and regular on its face, was void because not properly acknowledged: *Held*, since a married woman has the power to contract under our present law, she can be held liable in equity for the return of the loan, and although equity will not compel the acknowledgment of the mortgage, it will declare the amount paid to her and used by her in the payment of the purchase price an equitable lien on the land prior to a valid but subsequently executed mortgage.

APPEAL by plaintiff from *Hill, Special Judge,* at September Term, 1932, of STANLY.

The plaintiff instituted this action to restrain the sale of real property described in a deed of trust which she and her husband executed and delivered to the First National Bank of Durham.

The case was heard upon the following agreed statement of facts:

1. That on or about 1 June, 1928, the plaintiff, Fay Boyett, together with her husband, J. M. Boyett, applied to the Home Mortgage Company for a loan of a certain sum of money, and the said Fay Boyett and husband agreed to pledge as security for such loan a tract of land located in Stanly County, North Carolina, and which is the same property as described in paragraph two of plaintiff's complaint; a copy of said application is hereto attached and made a part of this record.

2. That the said Fay Boyett, together with her husband, J. M. Boyett, did on or about 3 September, 1928, execute and deliver a deed of trust to the First National Bank of Durham, N. C., trustee, which said deed of trust was thereafter recorded in deed of trust Book No. 105, at page 86 of the office of the register of deeds for Stanly County, N. C.; a copy of said instrument is hereto attached and made a part of this findings of fact.

3. That the said Fay Boyett did not appear before a notary public and make acknowledgment of the execution of said deed of trust separate and apart from her husband as required by the statute, and neither was her private examination taken touching her voluntary execution of same as required by the statute.

4. That the said Fay Boyett, admitted in open court, in the presence of her husband, J. M. Boyett, that she did sign the instrument freely and voluntarily, and for the purposes as therein expressed.

5. That on or about 3 September, 1928, Fay Boyett and her husband, J. M. Boyett, signed a receipt for $3,500, a copy of which is attached hereto and made a part of this record.

6. That on or about 3 September, 1928, Fay Boyett and J. M. Boyett endorsed a draft payable to themselves and Brown and Sykes, attorneys,

in the sum of $3,500, same being drawn on the Home Mortgage Company of Durham, N. C., a copy of which is attached hereto and made a part of this record.

7. That on or about 3 September, 1928, Fay Boyett and J. M. Boyett signed and delivered an estoppel certificate, a copy of which is hereto attached and made a part of this record.

8. That Fay Boyett and J. M. Boyett executed notes aggregating the sum of $3,500, and as referred to in the above set forth deed of trust, payable to bearer, and due on or before twelve and one-half years after date.

9. That on or before 3 September, 1928, the property described in paragraph two of plaintiff's complaint was owned by, and in the possession of R. L. Brown, a citizen and resident of Albemarle, N. C., and when the proceeds of the $3,500 loan above referred to were paid by the Home Mortgage Company to the borrowers, it was in turn and on the same date paid to R. L. Brown as part of the purchase price of the real estate described in paragraph two of plaintiff's complaint, except so much thereof as was used in payment of fees and expenses of obtaining said loan.

10. That the deed for the property described in paragraph two of the complaint was filed for record in the office of the register of deeds for Stanly County on 4 September, 1928, from R. L. Brown and wife, to Fay Boyett, this being the same date on which the deed of trust to First National Bank of Durham, N. C., trustee, was also filed.

11. That on 4 September, 1928, Fay Boyett, together with her husband, J. M. Boyett, executed and delivered to G. Hobart Morton, as trustee, with R. L. Brown as beneficiary, a second mortgage or deed of trust, securing the principal sum of $3,000, and pledged as security therefor the property described in paragraph two of plaintiff's complaint, which said deed of trust appears of record in Book of Mortgages No. 89, at page 128, and said deed of trust recites that it is given subject to the mortgage of $3,500 to the First National Bank of Durham, N. C., as trustee; said second deed of trust or mortgage was not signed before a notary public, and private examination of Fay Boyett was not taken as required by law.

12. That on or about 1 January, 1929, Fay Boyett, together with her husband, J. M. Boyett, executed and delivered to Lee M. Boyett a deed of conveyance covering the said property described in paragraph two of the complaint, which said deed is regular on its face and is of record in the office of the register of deeds of Stanly County in Book 85, page 71. That said deed was not acknowledged before a notary public, and private examination of Fay Boyett taken as required by law.

13. That on or about 21 August, 1921, said plaintiff, Fay Boyett, together with her husband, J. M. Boyett, executed and delivered to G. D. B. Reynolds, a certain deed of trust securing an indebtedness of $1,000, and pledged as security therefor the tract of land described in paragraph two of plaintiff's complaint, which said deed of trust is regular on its face, and is of record in the office of the register of deeds of Stanly County in Book 119, page 69; that the same was duly acknowledged by Mrs. Fay Boyett before a notary public, Lula S. Shaver, and her private examination taken, in compliance with the statute.

14. That thereafter the plaintiff, Fay Boyett, made certain payments to the Home Mortgage Company on said indebtedness, evidenced by the above referred to promissory notes, but that there is now due thereon and which remains unpaid, the amount of three thousand nine hundred forty-seven and 84/100 dollars ($3,947.84), with interest thereon from 15 May, 1932, at the rate of 6 per cent per annum.

15. That the plaintiff, Fay Boyett, had some time prior to 3 September, 1928, delivered to her husband, J. M. Boyett, the sum of $1,500 with which to purchase a home for her, there being no evidence, however, that this $1,500 was used in the purchase price of the property in question.

16. That the Fidelity Bank and Trust Company as successor trustee, is now the owner and the holder of the notes executed and delivered, payable to bearer, by Fay Boyett and J. M. Boyett.

17. It is agreed between the parties that copies of the exhibits may be attached to this judgment and become a part thereof, and the originals are allowed to be withdrawn.

Upon the foregoing facts the court rendered the following judgment:

It is therefore ordered, adjudged and decreed, that the land together with the improvements located thereon, and which are described in paragraph one of the plaintiff's complaint, and also described in the deed of trust to First National Bank of Durham, N. C., as trustee, be, and the same are hereby impressed with a trust for the benefit of the holder of the notes executed by Fay Boyett and J. M. Boyett, and which are referred to in that deed of trust to First National Bank of Durham, N. C., as trustee, and which are of record in the office of the register of deeds of Stanly County in Book 105, at page 86, to the extent of the balance of the indebtedness remaining unpaid on said notes, together with interest thereon; and that said indebtedness to the amount of three thousand nine hundred forty-seven and 84/100 dollars ($3,947.84), with interest thereon from 15 May, 1932, as is evidenced by said notes and deed of trust, attached to and became impressed upon said land, and became a lien thereon as of the date of 3 September, 1928, and is a

prior lien thereon to all subsequent liens, deeds or deeds of trust, and is a prior lien to the right, title and interest of any and all other parties to this action.

It is further ordered and adjudged that the holders of said notes described in said deed of trust are entitled to have said land sold for the purpose of satisfying the balance remaining due thereon, and for that purpose V. S. Bryant is hereby appointed commissioner of the court, and is authorized, directed and empowered to make said sale at the courthouse door in Albemarle, after due advertisement as required by law, and report his proceedings to the court for the further orders of the court. And upon the confirmation of said sale that the proceeds derived therefrom be applied as follows:

1. To the cost and expense of said sale and this action, and the payment of taxes, if any, on said land, together with a reasonable allowance to the commissioner for his services;

2. To the payment of the notes secured by the deed of trust of the First National Bank of Durham, trustee;

3. If a balance then remains, to be paid to the clerk of the Superior Court of Stanly County, for application on the subsequent liens of record against said property in accordance with the further orders of this court with respect thereto.

It is further considered, ordered and adjudged by the court that nothing herein shall be considered or construed as adjudicating the rights between R. L. Brown, G. D. B. Reynolds and Lee M. Boyett and other parties to this action as to their respective claims or interests in said land.

It is further ordered and adjudged that the restraining order heretofore issued in this cause be, and the same is, hereby dissolved.

The plaintiff and the defendant, G. D. B. Reynolds excepted and appealed.

*G. D. B. Reynolds for appellants.*
*R. L. Smith & Sons and Harkins, Van Winkle & Walton for appellees.*

ADAMS, J. The plaintiff held title to the real estate in controversy. She and her husband executed and delivered the deed of trust, and a notary public who took the acknowledgment of the makers certified, as the law requires, to the private examination of the wife. The parties agree, however, that the notary never examined the wife while separate and apart from her husband touching her voluntary assent to the instrument. C. S., 997.

The plaintiff seeks a reversal of the judgment, and rests her appeal on two propositions: (1) the deed of trust is invalid and ineffective because

her private examination was not taken pursuant to law; (2) upon no legal or equitable principle can she be held liable for the return of the loan, or the real property described in the instrument be subjected in equity to the burden of a trust.

The first proposition may be conceded. *Scott v. Battle,* 85 N. C., 184; *Council v. Pridgen,* 153 N. C., 443; *Foster v. Williams,* 182 N. C., 632; *Hardy v. Abdallah,* 192 N. C., 45.

The second proposition must be considered in its relation to the statement of facts. The plaintiff and her husband signed a receipt for $3,500 for the sale or pledge of their note which was secured by the deed of trust and paid this sum, except fees and expenses, to R. L. Brown as a part of the purchase price of the land which he conveyed to the plaintiff. The plaintiff received the full benefit of the loan and now contends that the deed of trust is void and that she is free from any liability attaching to its execution. As to this position also, she relies on *Scott v. Battle, supra.* There the material facts are given as follows: "In the year 1845 the plaintiff intermarried with one T. H. Scott, and lived with him until the year 1850, when she separated herself from him, and from that time until his death in 1876 they lived apart with the exception of one short interval, he at no time after the day of their first separation assuming any control over her property. At the time of her marriage, the plaintiff was seized in fee of the land in controversy, and continued to possess the same until 7 December, 1858, when she conveyed it to her brother, the defendant L. F. Battle, by a deed to which her husband was not a party. The deed was attested by two witnesses, and in 1872 it was admitted to probate upon the oath of one of them, and registered without her being privily examined in regard thereto. At the time of the execution of the deed, the said L. F. Battle gave his note to the plaintiff for $600, upon which she brought suit and, at Spring Term, 1870, recovered judgment for the full amount of principal and interest, and in 1871 collected the same in full and used the money."

The trial court held that the plaintiff's deed to Battle did not convey her interest in the land, but that she was not entitled to recover possession thereof until she had repaid the purchase money. On appeal this Court held that the plaintiff's deed to Battle was "wholly inoperative" and that the defendant's demand for the restoration of the purchase money should be refused. The conclusion was stated in these words: "The plaintiff's right to the possession of the land cannot be questioned. The statute imperatively says that, in order to effectually pass the estate of a married woman in lands, the conveyance must be executed jointly with her husband and, after due proof or acknowledgment thereof as to him, she shall be privily examined as to her voluntary assent thereto.

Bat. Rev., chap. 35, sec. 14. To properly understand the effects of these provisions, it is necessary to remember that the statute is an enabling, not a disabling one. . . . The statute confers upon her the power to convey by a simple mode, but it prescribes the terms, and without their strict observance the act stands, as it would at common law, absolutely null and void. The instrument executed by the present plaintiff to the defendant Battle lacked both of the essential elements to constitute it her deed—its joint execution by the husband and her own private examination—and consequently it is wholly inoperative."

*Scott v. Battle, supra,* was decided in the year 1881. At that time it had been settled by uniform decisions of this Court that a married woman was incapable of making any executory contract whatever except in the cases mentioned in sections 1828, 1831, 1832, and 1836 of The Code. *Farthing v. Shields,* 106 N. C., 289. Afterwards the law was materially changed by the enactment of a statute which provides that every married woman, except as to conveyances and contracts with her husband, shall be authorized to contract and deal so as to affect her real and personal property in the same manner and with the same effect as if she were unmarried; but no conveyance of her real estate shall be valid unless made with the written assent of her husband as provided by section six of article ten of the Constitution and her privy examination as to her execution of the same be certified as now required by law. Public Laws, 1911, chap. 109. It has accordingly been held that a married woman may bind herself by a contract for the purchase of goods, by a contract of suretyship, and by a contract to convey real property. *Lipinsky v. Revell,* 167 N. C., 508; *Royal v. Southerland,* 168 N. C., 405; *Warren v. Dail,* 170 N. C., 406.

It is admitted that the plaintiff and her husband signed and delivered an estoppel certificate, which is made a part of the record. It contains this paragraph: "The undersigned has therefore executed this instrument in order that it may be exhibited to prospective purchasers of the said note to induce a purchase of the same, and do hereby represent and certify that there are no defenses available to the undersigned or any of them against the payment of said note, or the payment of the monthly sums set out in the deed of trust securing same, nor any offsets or equities between the undersigned and the holder thereof, and the said deed of trust and note thereby secured are valid and free from any and all infirmities of any nature whatsoever."

In *Scott v. Battle, supra,* it was said that a married woman's disability to contract distinguishes her case from one in which a purchaser under a parol contract, void under the statute, has been allowed his claim for a return of the purchase money; that the ruling in such case

proceeds on the idea that although the contract was void the party had capacity to make it; and that the ground of relief was that the vendor by inducing the vendee to spend his money on the land had obtained an unconscionable advantage which a court of equity would not permit him to use. As a married woman now has power to contract the principle applies to her as it applies to others. *Gann v. Spencer,* 167 N. C., 429.

The principle is exemplified in *Burns v. McGregor,* 90 N. C., 222. A married woman, her husband joining her in the execution of the deed, conveyed her land and received a deed for a tract of greater value, agreeing to execute a note and mortgage to the plaintiff on the latter tract to secure payment of the difference in the price. She signed the note and mortgage but refused to acknowledge the execution of the mortgage as her voluntary act. The court, disapproving her conduct, remarked: "The wife may, under an engagement not legally binding upon her, refuse to pay her debt, but if she does so, she cannot keep the property for which the debt was contracted. It would contravene the plainest principles of justice to allow a married woman to get possession of property under an engagement not binding upon her, and let her repudiate her contract and keep the property. She must observe and keep her engagement, or else return the property; if she will not, the creditor may pursue and recover it by proper action in her hands."

A court of equity will not undertake to compel a married woman to execute and acknowledge a deed freely and voluntarily but it can declare the price paid her to be an equitable lien on the land in favor of the other party. *North v. Bunn,* 122 N. C., 766.

The plaintiff received, accepted, and used the amount advanced as a loan and certified that no defenses were available to her against the payment of the note and that the deed of trust is valid and free from any and all infirmatives. To grant her the relief she seeks in this action would be inequitable and unjust. Judgment

Affirmed.