T. P. LEE v. MATTIE E. RHODES AND HUSBAND, H. W. RHODES.

(Filed 30 March, 1949.)

**1. Trial §§ 44½, 48½—**

While the trial court may set aside a verdict and may vacate the answer to a particular issue when to do so does not affect or alter the import of the answers to the other issues, the trial court may not remove an irreconcilable repugnancy in the verdict by vacating a part thereof.

**2. Same—**

The jury found that the paper writing at issue was not executed for the purpose of securing a debt, and at the same time found that a defeasance clause was omitted therefrom by mutual mistake. *Held:* The action of the trial court in setting aside the finding that the instrument was not executed for the purpose of securing a debt is error entitling appellant to a new trial when his rights are not precluded by answers to the other issues, since the court has no power to remove the irreconcilable repugnancy in the verdict, this being a matter for the jury exclusively.

**3. Deeds § 3—**

A married woman may attack the certificate of her acknowledgment and privy examination for (1) fraud, duress or undue influence known to or participated in by the grantee, G.S. 39-11, (2) nonappearance before the officer and no examination had, (3) forgery, (4) mental incapacity or infancy.

**4. Same—**

The attack by a married woman of the certificate of her acknowledgment and privy examination must be by direct action.

**5. Same—**

Where the appearance of a married woman before the probate officer is admitted or established, the certificate of the probate officer as to the acknowledgment and privy examination of the married woman is conclusive, when regular in form, as to all matters which the officer is required to certify.

**6. Same—**

Where a married woman admits her appearance before the probate officer, and the certificate of her probate and privy examination are regular

in form, her testimony that the officer did not comply with the formalities required by statute is insufficient to justify the submission of an issue in regard thereto, and in this case where the issue was submitted upon such evidence, it was error for the court to refuse appellant's motion for a directed verdict thereon in his favor.

**7. Same: Evidence § 8: Trial § 30—**

In an action in ejectment where the defendants plead want of proper acknowledgment of the *feme* defendant in the deed executed by herself and husband to plaintiff, the plea of want of proper acknowledgment is an affirmative defense upon which defendants have the burden of proof, and therefore a directed verdict thereon in favor of plaintiff would not constitute a peremptory instruction in favor of the party having the burden of proof.

APPEAL by plaintiff from *Williams, J.,* September Term, 1948, JOHNSTON. New trial.

Civil action in ejectment in which defendants seek a reformation of the instrument under which plaintiff claims title.

Plaintiff and *feme* defendant are brother and sister. On 14 March 1927, their father, Thomas Lee, conveyed the *locus* to defendant Mattie Rhodes, reserving, however, unto himself and his wife an estate for life. Thereafter, the male defendant became financially involved. *Feme* defendant became surety on his notes. Judgments were secured on the notes and executions were issued. Defendants appealed to plaintiff for assistance, and he agreed to advance the funds necessary to prevent a sale of the property. Thereupon, on 5 January 1931, defendants executed a paper writing, in form a deed, conveying the *locus* to plaintiff. Plaintiff asserts that he purchased the property and that said instrument was and is in fact a deed. Defendants allege that the fund advanced by plaintiff was a loan, and that it was agreed that they should execute a mortgage on the *locus* as security for the payment thereof, and that a defeasance clause was omitted therefrom by mutual mistake of the parties. They also allege that the private examination of *feme* defendant was not taken separate and apart from her husband as provided by statute.

When the cause came on for trial in the court below, an issue of tenancy bottomed on plaintiff's cause of action was submitted to and answered by the jury in favor of defendants. The court also submitted issues raised by defendants' cross action and plaintiff's plea of the statute of limitations as follows:

"4. Was the private examination of Mattie E. Rhodes to the aforesaid deed taken by Willis A. Powell, Notary Public, according to law?

"Answer: No.

"5. Was the instrument executed in the form of a deed from the defendants to T. P. Lee, intended for the purpose of securing a debt from the defendants to T. P. Lee, as alleged in the defendant's answer?

"Answer: No. (No. 5 set aside in discretion of Court. See M. D. 22, p. 459.)

"6. At the time of the execution of the said instrument was the defeasance clause omitted from said instrument by reason of the mutual mistake, ignorance, fraud or undue influence as alleged?

"Answer: Yes.

"7. If so, is the defendants' claim barred by the three-year statute of limitation as alleged in the further reply?

"Answer: No."

The jury having answered said issues as appears of record, the court, on motion of defendants, set aside the verdict on the fifth issue and then signed judgment on the verdict as amended. Plaintiff excepted and appealed.

*J. Ira Lee and Jane A. Parker for plaintiff appellant.*

*Lyon & Lyon and A. M. Noble for defendant appellees.*

BARNHILL, J. The jury, by their verdict, found that the paper writing at issue was not executed for the purpose of securing a debt. At the same time they found that a defeasance clause was omitted therefrom by mutual mistake. The answers to these issues are contradictory. If the instrument was not intended as security, a defeasance clause had no proper place therein. The court below undertook to reconcile the irreconcilable by setting aside the answer to the fifth issue.

Unquestionably the trial judge has authority to set aside a verdict. Likewise, he may vacate the answer to a particular issue when to do so does not affect or alter the import of the answers to the other issues. *Satterfield v. Eckerd's, Inc.,* 201 N.C. 599, 160 S.E. 828. He has no power, however, to remove an irreconcilable repugnancy in a verdict by vacating a part thereof, for to do so constitutes an amendment of the verdict as rendered by the jury. Had the inconsistency been called to the attention of the jury before the verdict was accepted, they could have reconsidered their verdict and removed the repugnancy. *Baird v. Ball,* 204 N.C. 469, 168 S.E. 667. But this was exclusively their prerogative. It was for them to decide in what manner the conflict in their verdict should be reconciled.

Nothing else appearing, the contradictory nature of the answers to the fifth and sixth issues would require a new trial. *Palmer v. Jennette,* 227 N.C. 377, 42 S.E. 2d 345; *Jernigan v. Neighbors,* 195 N.C. 231, 141 S.E. 586; *Supply Co. v. Horton,* 220 N.C. 373, 17 S.E. 2d 493; *Bottoms v. R. R. Co.,* 109 N.C. 72; *Porter v. R. R.,* 97 N.C. 66.

But defendants insist that the answer to the fourth issue is not affected by the action of the court in setting aside the verdict on the fifth issue

and is sufficient to sustain the judgment. This is conceded. Therefore, it is necessary to determine whether there was error in the trial in respect to this issue.

The plaintiff moved for a directed verdict on the fourth issue and, after verdict, moved to set aside the verdict thereon for that there was no sufficient evidence to sustain the same. The court denied each motion and plaintiff excepted. The assignments of error bottomed on these exceptions must be sustained.

A married woman may attack the certificate of her acknowledgment and privy examination respecting the execution of a deed or other instrument. The general grounds of permissible attack are (1) fraud, duress, or undue influence known to or participated in by the grantee, G.S. 39-11; *Marsh v. Griffin*, 136 N.C. 333; *Brite v. Penny*, 157 N.C. 110, 72 S.E. 964; *Lumber Co. v. Leonard*, 145 N.C. 339; *Butner v. Blevins*, 125 N.C. 585; (2) nonappearance before the officer and no examination had, *Boyett v. Bank*, 204 N.C. 639, 169 S.E. 231; *Davis v. Davis*, 146 N.C. 163; (3) forgery, *McKinnon v. McLean*, 19 N.C. 79; and (4) mental incapacity or infancy, *Jones v. Cohen*, 82 N.C. 75. It has been held, however, that the attack must be by direct action, *Ware v. Nesbit*, 94 N.C. 664, and that the certificate of the officer cannot be impeached collaterally in an action for the recovery of the land. *Woodbourne v. Gorrell*, 66 N.C. 82; *Wright v. Player*, 72 N.C. 94.

In this connection it must be noted that there is a wide distinction between proof that there was no appearance before the officer and the admission of an appearance before him but a denial of the material incidents recited in the certificate.

The person making the certificate of acknowledgment and privy examination is a public officer. He acts in a *quasi*-judicial capacity. Ordinarily when the certificate is regular in form, it is conclusive as to all matters which the officer is required to certify. *Best v. Utley*, 189 N.C. 356, 127 S.E. 337.

"The general rule in the absence of any statute providing otherwise, is that where a grantor has appeared and made some kind of acknowledgment before an officer having jurisdiction, a certificate regular in form, is conclusive as to all those matters which the officer is required by law to certify, and in the absence of any showing of fraud or imposition in the procurement of the acknowledgment cannot be impeached by merely denying that the acknowledgment was taken in the manner certified by the officer. 1 C.J., 886, and cases cited." *Best v. Utley, supra;* 1 C.J.S. 882; 4 Tiffany, Real Property, 3rd Ed., 193; 7 Thompson, Real Property, 520.

It has become settled that if a married woman appears before an officer for the purpose of making an acknowledgment and attempts to do,

in some manner, what the law requires to be done, the certificate is conclusive of the facts therein stated. 1 A.J. 391. Therefore, as against an assault on the ground that the officer did not fully perform his duties, as where it is claimed that he did not examine her separate and apart from her husband, the certificate is impregnable. *Best v. Utley, supra;* 1 C.J.S. 882; Anno. 54 Am. St. Rep. 153; 7 Thompson, Real Property, 522, 525.

That is to say, where a conveyance of a married woman's property has a certificate attached to it containing all material parts as required by statute and signed by the proper officer, it establishes the probate of the deed or other conveyance as a matter of judicial determination which cannot be attacked by extrinsic evidence showing a mere irregularity. *Brite v. Penny, supra; Best v. Utley, supra; Wester v. Hurt,* 130 S.W. 842 (Tenn.), Ann. Cas. 1912 C, 329; 1 A.J. 381, sec. 156, and authorities cited in notes. See also *Picetti v. Orcio,* 67 Pac. 2d 315, where numerous decisions to this effect are cited and discussed. 1 Devlin, Real Estate, 3rd Ed., 970, sec. 529.

The officer's certificate of acknowledgment is a necessary part of deeds and other instruments conveying an interest in real property. It is made at the time of the transaction of which it is a part. It becomes a part of the public records. Upon it the security of titles is made to rest. As against the slippery memory of an interested witness, the written word must abide. *Walker v. Venters,* 148 N.C. 388; *Insurance Co. v. Morehead,* 209 N.C. 174, 183 S.E. 606; 1 A.J. 381. For it is better as a matter of public policy to recognize the conclusiveness of the certificate and run the risk of an occasional wrong to married women than to produce the mischief of inviting *femes covert* to repudiate their instruments.

The *feme* defendant testified that she begged plaintiff to advance the money necessary to save her land from sale under execution. She not only alleges but also testified more than once that she executed the instrument in controversy. She did so before a proper officer who certifies that he took her acknowledgment in the manner prescribed by statute. If the instrument was intended as a mortgage, as she asserts, it enabled her to preserve her land during the depression years of the 1930's. Her effort now, fifteen years later, when the value of real property is materially enhanced, to repudiate the instrument altogether on the ground that the officer did not comply with the formalities required by statute, in contradiction of the officer's certificate made at the time, does not appeal to the conscience of the Court. Her testimony cannot avail to set aside the solemn certificate of the officer. To permit it to do so would create a condition of chaos in respect to titles which are too important to permit them to be swept aside on such flimsy testimony.

There was no sufficient evidence to justify the submission of the fourth issue. Having submitted it, the court should have directed the jury to answer the same in the affirmative. This would not constitute a peremptory instruction in favor of the party having the burden of proof. The plea of want of proper acknowledgment is an affirmative defense. Hence the burden of proof rested upon the defendants.

For the reasons stated there must be a

New trial.