IN THE MATTER OF THE WILL OF ZELLA MAY (MAE) LEONARD, DE-CEASED

No. 8422SC55

(Filed 18 December 1984)

**Wills § 24— caveat proceeding—repugnant verdict—new trial on all issues**

There was an irreconcilable repugnance in the jury's verdict in a caveat proceeding where the jury answered affirmatively an issue as to whether the paper writing purported to be a holographic will was executed according to the requirements of the law but answered negatively a second issue as to whether the paper writing was the last will and testament of decedent, and the trial court did not err in setting aside the verdict and ordering a new trial on all issues because of the contradictory answers to the issues and because of the jury's disregard of the court's instructions to answer the second issue "yes" if they answered the first issue "yes." G.S. 1A-1, Rule 59.

APPEAL by caveator, Roby C. Leonard, and cross appeal by propounder, Dorothy May Leonard Dillard, from *Morgan, Judge.* Judgment entered 7 October 1983 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 19 October 1984.

This is a will caveat proceeding in which Roby C. Leonard (caveator) contests the validity of a handwritten document admitted for probate by the Davidson County Clerk of Superior Court as the holographic will of Zella May (Mae) Leonard (decedent). The purported will was filed for probate by Dorothy May Leonard Dillard (propounder) on 4 June 1982. This caveat was filed 17 December 1982.

The essential facts are:

Decedent passed away in her home at 933 South Main Street in Lexington on 26 May 1982 leaving two children, caveator and propounder. On 31 May 1982 propounder returned to decedent's home and began to "go through" or "look at" things in the house. Propounder testified that she found the purported holographic will in a sealed envelope which was found in decedent's mother's pocketbook. The pocketbook was found in a walnut wardrobe. Also within this pocketbook were settlement papers of two estates. Property deeds, receipts, decedent's bankbook and her money were also found in the walnut wardrobe.

The writing on the purported holographic will, except for the date, and the writing on the envelope containing it was the handwriting of decedent in the opinion of all witnesses.

Caveator presented evidence that the date on the purported holographic will was not in the handwriting of decedent through expert testimony. The expert, Nell Lewis, testified that in her opinion, "the date of September 3, 1980 on the paper writing was not written by the same person who wrote the body of the document and who wrote the envelope." The expert also testified that the envelope containing the document had never been sealed. The expert further described the envelope as being very old and crumpled with creases across it. The document itself was also crumpled.

The following issues were tendered to the jury:

(1) Was the paper writing identified as propounder's exhibit 1 executed by Zella May (Mae) Leonard according to the requirements of the law for a valid last will and testament?

The jury answered this issue "Yes."

(2) Is the paper writing and every part thereof, the last will and testament of Zella May (Mae) Leonard?

The jury answered this issue "No."

Upon discharge of the jury, propounder moved to set aside the verdict as to issue number two on the grounds that the answer was inconsistent with the answer to issue number one and contrary to law. Propounder also moved for a new trial as to issue number two on the grounds of the jury's manifest disregard

of the court's instructions, insufficiency of the evidence and that the verdict was contrary to law.

The trial court, partly on motion of propounder and partly upon its own motion, set aside the verdict and ordered a new trial on all issues. In its order the court noted that the verdict was set aside because of the contradictory answers to issues one and two, and the new trial was ordered pursuant to Rule 59 on the grounds of manifest disregard by the jury of the court's instructions, insufficiency of the evidence to justify the jury's answer, the inconsistency of the verdict and that the evidence was contrary to law.

The court also indicated in its order that it failed to instruct the jury that if they should answer the first issue yes, that they must answer the second issue yes. The record indicates, however, that this instruction was properly given.

Caveator appeals, propounder cross appeals.

*Wilson, Biesecker, Tripp and Sink, by Joe E. Biesecker, for caveator-appellant.*

*Brinkley, Walser, McGirt, Miller and Smith, by Charles H. McGirt and Stephen W. Coles, for propounder-appellee.*

EAGLES, Judge.

In his brief on appeal caveator asserts that he assigns as error the trial court's setting aside of the verdict in issue number two which deals with whether the entire handwritten document is the last will and testament of decedent. However, this varies from the assignment of error as it appears in the record on appeal. There, caveator assigned as error the setting aside of the entire verdict and the granting of a new trial on all issues, arguing that the jury's answers to the issues were not inconsistent and that the jury had not manifestly disregarded the trial court's instructions.

"The scope of review on appeal is confined to a consideration of those exceptions set out and made the basis of assignments of error in the record on appeal." Rule 10, Rules of Appellate Procedure. "Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authori-

ty cited, will be taken as abandoned." Rule 28, Rules of Appellate Procedure. For this reason, caveator's assignment of error as to the trial court's setting aside the entire verdict and ordering a new trial is not properly before us.

Assuming, arguendo, that the issue is properly before this court, we note that caveator's argument that the trial court should have submitted only one issue as to *devisavit vel non* is not persuasive. The basis of caveator's argument is that *devisavit vel non* was the main issue to be decided by the jury. In support of his contention, caveator cites *Fraser v. Jennison*, 106 U.S. 191 (1882), that only one issue should be submitted to the jury. *Jennison* is based exclusively on Michigan law and is not controlling in North Carolina.

Professor Wiggins, in his authoritative treatise on wills and administration of decedent's estates in North Carolina writes:

> *Devisavit vel non* is the primary issue when the will is contested; and when this issue is submitted to the jury, the court is not compelled to submit additional issues covering the separate grounds upon which the caveat is based. However, when separate issues would aid the jury in its task, these should be framed and submitted by the trial judge. 1 Wiggins, *Wills and Administration of Estates in North Carolina*, Section 125 (2d Ed. 1983).

While not compelled to submit additional issues to the jury, the trial court properly could do so in an effort to aid the jury in its task.

Here, the trial court undertook to set out the two issues pursuant to our Pattern Jury Instructions, N.C.P.I. — Civil, 860.00, 860.25 (1975). We have previously observed that the preferred method of jury instruction is the use of the approved guidelines of the North Carolina Pattern Jury Instructions. *State v. Bethea*, 71 N.C. App. 125, 321 S.E. 2d 520 (1984).

Caveator notes correctly that this proceeding does not involve issues of undue influence or the mental capacity of the decedent to make a will, however, the pattern jury instructions suggest two additional issues to be resolved. N.C.P.I. — Civil 860.00, 860.25 (1975):

(1) Whether the paper writing purported to be a holographic will was executed according to the requirement of law, and

(2) Whether the paper writing and every part thereof is the last will and testament of the decedent.

The second issue is *devisavit vel non*, but the jury must answer the first issue in the affirmative before it can answer the second issue in the affirmative. *In Re Will of Sessoms*, 254 N.C. 369, 119 S.E. 2d 193 (1961). Since the jury found affirmatively that the paper writing was executed according to the requirements of law, the jury should also have determined that the paper writing was the last will and testament of decedent. The jury answered this issue in the negative. As such, the verdicts on the two issues were contradictory and cannot stand.

This case is similar to *In Re Will of Henderson*, 201 N.C. 759, 161 S.E. 387 (1931). There, the jury found in response to the first issue that the paper writing and every part thereof was the last will and testament of John R. Henderson. Nevertheless, in response to a third issue, the jury found that John R. Henderson did not have sufficient mental capacity to make a will. As noted by the *Henderson* court:

> The result is that the first issue finds the will to be valid, and the third issue finds it to be invalid . . . It is manifest, therefore, that the verdict is materially repugnant . . . The jury cannot find both for the plaintiff and the defendant on the same issue, as for instance, by a verdict giving the plaintiff damages and finding the defendant not guilty.

201 N.C. at 761, 161 S.E. at 388.

Holding that the verdict there was uncertain and ambiguous, the *Henderson* court ordered a new trial as to *all* issues. *Id.* 201 N.C. at 761, 161 S.E. at 388. The trial court did as much in the case at bar. We note that G.S. 1A-1, Rule 59, permits the trial court on its own motion to order a new trial for manifest disregard by the jury of the instructions of the court. Our examination of the record indicates that the trial court did instruct the jury that:

[I]f you find that the paper writing was executed according to the requirements of the law, then I instruct you that you will answer [issue number two] yes.

This instruction is found in the transcript of trial at pages 207-208. The jury answered issue one "yes" and issue two "no." As such, there is a manifest disregard of jury instructions for which the trial court could, in its discretion, order a new trial. Absent an abuse of discretion, the trial court's order of a new trial is not subject to review here. *In Re Will of Herring*, 19 N.C. App. 357, 198 S.E. 2d 737 (1973).

The trial court noted in its order that it was without authority to change the jury's verdict and enter a verdict of its own. It is a cardinal rule that the judgment must follow the verdict. *Industrial Circuits Co. v. Terminal Communications, Inc.*, 26 N.C. App. 536, 216 S.E. 2d 919 (1975). When an irreconcilable repugnance in the verdict exists, it is not the function of the court to enter a judgment *non obstante veredicto* on one issue and ignore the other. Where the answers to the issues are so contradictory as to invalidate the judgment, the role of the court is to grant a new trial because of the evident confusion of the jury. *Palmer v. Jennette*, 227 N.C. 377, 42 S.E. 2d 345 (1947). While a trial court may set aside a verdict and vacate the answer to a particular issue when to do so does not affect or alter the impact of answers to other issues, the trial court may not remove an irreconcilable repugnancy in the verdict by vacating a part thereof. This is a matter exclusively for the jury. *Lee v. Rhodes*, 230 N.C. 190, 52 S.E. 2d 674 (1949). Had the inconsistency been called to the attention of the jury before the verdict was accepted, they could have reconsidered their verdict and resolved the inconsistency. The trial court, in its discretion, ordered a new trial instead.

For these reasons, the order of the trial court is affirmed. Our disposition of this case makes it unnecessary to consider propounder's and caveator's remaining assignments of error.

Affirmed.

Judges WEBB and BRASWELL concur.